# EXHIBIT 1

# General Civil Case Filing Information Form (Non-Domestic)

**Court**
County WALTON

☑ Superior
☐ State

Docket # _0764 -3_

Date Filed 04/15/2011
MM-DD-YYYY

**Plaintiff(s)**
GRAZIOSI, KELLIE WHITE,

| Last | First | Middle I. Suffix Prefix | | Maiden |
|------|-------|------------------------|--|--------|

| Last | First | Middle I. Suffix Prefix | | Maiden |
|------|-------|------------------------|--|--------|

| Last | First | Middle I. Suffix Prefix | | Maiden |
|------|-------|------------------------|--|--------|

| Last | First | Middle I. Suffix Prefix | | Maiden |
|------|-------|------------------------|--|--------|

No. of Plaintiffs 1

**Defendant(s)**
METLIFE INVESTORS USA INSURANCE
COMPANY,

| Last | First | Middle I. Suffix Prefix | | Maiden |
|------|-------|------------------------|--|--------|

| Last | First | Middle I. Suffix Prefix | | Maiden |
|------|-------|------------------------|--|--------|

| Last | First | Middle I. Suffix Prefix | | Maiden |
|------|-------|------------------------|--|--------|

No. of Defendants 1

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

KILBURN, JEREMY V.

| Last | First | Middle I. | Suffix |
|------|-------|-----------|--------|

Bar # 315728

**Check Primary Type (Check only ONE)**

☑ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____

**If Tort is Case Type:**
(Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

_____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

## IN THE SUPERIOR COURT OF WALTON COUNTY
### STATE OF GEORGIA

FILED IN OFFICE
CLERK SUPERIOR COURT
WALTON COUNTY, GEORGIA
2011 APR 15 PM 2:30
KATHY K. IRBY, CLERK

| | | |
|---|---|---|
| KELLIE WHITE GRAZIOSI | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-0764-3 |
| | ) | |
| METLIFE INVESTORS USA | ) | JURY TRIAL DEMANDED |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

Plaintiff Kellie White Graziosi ("Plaintiff" or "Graziosi") hereby files her

Complaint against Defendant MetLife Investors USA Insurance Company

("Defendant" or "MetLife USA").

### JURISDICTION AND VENUE

1.

This Court has jurisdiction over this action.

2.

Venue is proper in this Court. *See, e.g.*, Ga. Const. art. IV, § 11, ¶ IV;

O.C.G.A. § 33-4-1.

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

## THE PARTIES

### 3.

Plaintiff Kellie White Graziosi is an individual who resides in Walton County, Georgia.

### 4.

Defendant MetLife Investors USA Insurance Company is an insurance company which sells life insurance and other related products. MetLife USA sells a variety of insurance products in numerous states, including Georgia. MetLife USA may be served by serving its registered agent CT Corporation Systems, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

## FACTUAL BACKGROUND

### 5.

General American Life Insurance Company ("General American") is an insurance company which is a subsidiary of MetLife, Inc. and an affiliate of MetLife USA.

### 6.

On July 14, 2003, General American issued life insurance policy No. 3,845,745 covering the life of Dr. Steven Taraszka ("Dr. Taraszka").

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

7.

The General American policy No. 3,845,745 was a twenty (20) year term life insurance policy with a face value of $1,000,000 (one million dollars) ("Term Policy").

8.

In addition to being the insured, Dr. Taraszka was the owner of the Term Policy.

9.

At all relevant times, Plaintiff was the significant other of Dr. Taraszka.

10.

At the time he applied for the Term Policy, Dr. Taraszka named Plaintiff as the beneficiary of the Term Policy.

11.

In or around July 2006, Dr. Taraszka exercised an option to convert the Term Policy to a universal life insurance policy.

12.

As a result of Dr. Taraszka's election to convert the term policy, on July 19, 2006, MetLife USA converted the Term Policy to a universal life insurance policy and assigned policy No. 206153777USU to the policy ("MetLife Policy").

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

13.

At all relevant times, Dr. Taraszka was the owner of the MetLife Policy.

14.

Plaintiff is the beneficiary of the MetLife Policy.

15.

On November 19, 2010, Dr. Taraszka died.

16.

At the time of Dr. Taraszka's death, the MetLife Policy was in force.

17.

The Walton County coroner determined that Dr. Taraszka's death was accidental. In particular, the Walton County coroner determined that the death was the result of an accidental drug overdose.

18.

After Dr. Taraszka's death, pursuant to the MetLife Policy and as the only beneficiary of the policy, on January 6, 2011, Plaintiff made a claim for the policy proceeds via David Morgan, her local MetLife agent, and delivered a copy of the death certificate to Mr. Morgan as required under the policy.

19.

After Plaintiff made her claim to MetLife USA and provided the death certificate, Plaintiff received a letter dated January 11, 2011 from MetLife USA

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

wherein MetLife USA informed Plaintiff that Burke Johnson, an attorney who represents the estate of Dr. Taraszka, had contacted MetLife USA and informed MetLife USA that Mr. Johnson and Dr. Taraszka's estate were making inquiries into the circumstances surrounding Dr. Taraszka's death. Attached hereto as Exhibit A, is a true and correct copy of the January 11, 2011 letter.

20.

By letter dated January 17, 2011, Mr. Johnson contacted Plaintiff's counsel. In the January 17, 2011 letter, Mr. Johnson states that Dr. Taraszka's brother, who was acting as the temporary administrator for his estate, had requested that Mr. Johnson contact MetLife USA and make a request that the policy proceeds not be paid until an investigation is conducted into Dr. Taraszka's death. Attached hereto as Exhibit B, is a true and correct copy of the January 17, 2011 letter.

21.

On information and belief, attorneys representing certain family members of Dr. Taraszka have contacted MetLife USA, and misrepresented, directly and/or by implication, that Dr. Taraszka's death was not accidental.

22.

Any assertion that Plaintiff is not the rightful beneficiary of the MetLife Policy and/or that Dr. Taraszka's death was not accidental is patently false.

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

- 5 -

23.

By letter dated January 20, 2011, counsel for Plaintiff contacted MetLife USA, demanded that MetLife USA pay the proceeds of the MetLife Policy to Plaintiff, gave clear notice to MetLife USA that there existed no basis from which to deny payment, and informed MetLife USA that Plaintiff expected MetLife USA to meet its obligations and act in good faith in paying her claim. The January 20, 2011 letter clearly notified MetLife USA that if it refused to timely pay the proceeds of the policy to Plaintiff, MetLife USA would be acting in bad faith. Attached hereto as Exhibit C, is a true and correct copy of the January 20, 2011 letter.

24.

In Response to & acknowledging the receipt of the January 20, 2011 letter, by letter dated February 1, 2011, MetLife USA informed Plaintiff's counsel that it would not pay Plaintiff the proceeds of the MetLife Policy. MetLife USA represented that it had been contacted by Glen Moffet, another attorney who also claimed to represent certain family members of Dr. Taraszka, and had been informed by Mr. Moffet that a legal action would be filed against MetLife USA in an effort to preclude MetLife USA from paying out the proceeds of the policy to Plaintiff. Attached hereto as Exhibit D, is a true and correct copy of the February 1, 2011 letter.

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

- 6 -

25.

MetLife USA has not paid and refuses to pay the proceeds of the MetLife Policy to Plaintiff.

26.

On information and belief, the potential legal action referred to in the February 1, 2011 letter was never filed.

27.

On information and belief, no one other than Plaintiff has made any valid claim that he/she is a beneficiary of the MetLife Policy.

28.

Any meaningful investigation by MetLife USA would have revealed that Dr. Taraszka's death was accidental. Indeed, as discussed above and as MetLife USA knows, the Walton County coroner found that Dr. Taraszka's death was accidental.

29.

Any meaningful investigation by MetLife USA would have revealed that there exists no legal or factual basis to withhold the payment of the life insurance proceeds from the MetLife Policy to Plaintiff.

30.

MetLife USA does not have any evidence which supports its failure to pay timely the MetLife Policy proceeds to Plaintiff.

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

31.

There does not exist any reasonable ground to support MetLife USA's failure to pay timely Plaintiff the proceeds of the MetLife policy.

32.

MetLife has failed to conduct a reasonable and appropriate investigation related to Plaintiff's claim as any such investigation would have led to the inevitable conclusion that MetLife USA is obligated to pay Plaintiff the proceeds of the MetLife Policy.

33.

By refusing to timely pay the proceeds of the MetLife Policy to Plaintiff, MetLife USA has acted in bad faith.

34.

As a result of MetLife USA's wrongful and bad faith refusal to pay the MetLife Policy proceeds to Plaintiff, MetLife has breached its obligations to Plaintiff, and as a result of such wrongful conduct, Plaintiff has suffered damages.

## COUNT ONE: BREACH OF CONTRACT

35.

Plaintiff specifically realleges and incorporates herein by reference allegations contained in Paragraphs 1-34 above.

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

36.

Pursuant to the terms of the MetLife Policy, MetLife USA was contractually obligated to pay Plaintiff the proceeds of the MetLife Policy.

37.

Plaintiff provided MetLife with everything required by MetLife USA for it to process Plaintiff's claim and to pay Plaintiff the proceeds of the MetLife Policy.

38.

By failing and refusing to pay the MetLife Policy proceeds to Plaintiff, MetLife USA breached its contractual obligations to Plaintiff.

39.

As a result of MetLife's breach of its contractual obligations to Plaintiff, Plaintiff has suffered damages in an amount to be proven at trial, and is entitled to recover such damages and all pre-judgment and post-judgment interest allowed by law.

## COUNT TWO: BAD FAITH REFUSAL TO PAY INSURANCE CLAIM

40.

Plaintiff specifically realleges and reincorporates herein by reference the allegations contained in Paragraph 1-39 above.

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

41.

Pursuant to O.C.G.A. § 33-4-6, if an insurance company refuses in bad faith to pay a claim within sixty (60) days after demand, the insurance company is liable for the face amount of the policy, an additional amount equal to fifty percent (50%) of the face amount, and reasonable attorneys fees.

42.

On January 20, 2011, Plaintiff made a demand on MetLife USA to pay the proceeds of the MetLife Policy to her, and as of that date, MetLife USA was on clear notice that it would be acting in bad faith if it did not pay such proceeds to Plaintiff on or before March 22, 2011.

43.

MetLife USA has not paid the proceeds of the MetLife Policy to Plaintiff.

44.

Plaintiff is the rightful beneficiary of the policy, and there exists no justification for MetLife USA's failure to timely pay the MetLife Policy proceeds to Plaintiff.

45.

Any reasonable and meaningful investigation by MetLife would have revealed that there exists no legal or factual basis to support its refusal and failure to timely pay the proceeds of the MetLife Policy to Plaintiff.

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

46.

MetLife USA did not conduct a reasonable and appropriate investigation into Plaintiff's claim, and any such investigation would have confirmed that MetLife USA is obligated to pay the proceeds of the MetLife Policy to Plaintiff.

47.

MetLife USA has acted in rank bad faith in refusing and failing to timely pay the proceeds of the MetLife Policy to Plaintiff.

48.

As a result of MetLife USA's bad faith failure and refusal to pay the proceeds of the MetLife Policy to Plaintiff, Plaintiff is entitled to the face amount of the policy, *i.e.*, $1,000,000, an additional amount equal to fifty percent (50%) of the policy, *i.e.*, $500,000, reasonable attorney's fees, and all interest and other relief allowed by law.

## COUNT THREE: LITIGATION EXPENSES

49.

Plaintiff specifically realleges and reincorporates herein by reference the allegations contained in Paragraph 1-48 above.

50.

Defendant has acted in bad faith, been stubbornly litigious and has put Plaintiff through unnecessary trouble and expense.

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

- 11 -

51.

Defendant has demonstrated the requisite bad faith for recovery of litigation expenses including attorney's fees and costs, by virtue of its wrongful refusal to pay the policy proceeds.

52.

Pursuant to O.C.G.A. § 13-6-11, because Defendant has acted in bad faith, been stubbornly litigious and put Plaintiff through unnecessary trouble and expense, Plaintiff is entitled to all litigation expenses incurred in prosecuting this action, including but not limited to attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor and against Defendant including but not limited to:

(1)     Under Count One, a judgment against Defendant for breach of contract awarding all damages and other relief for such breach and pre-judgment and post-judgment interest as provided by law;

(2)     Under Count Two, a judgment against Defendant for its bad faith refusal to pay Plaintiff's claim and awarding all statutory damages provided by O.C.G.A. § 33-4-6 but not less than $1,500,000.00 plus reasonable attorney's fees incurred in prosecuting this action;

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

(3)     Under Count Three, an amount equal to the litigation expenses, including reasonable attorney's fees, incurred by Plaintiff in prosecuting this action; and

(4)     Any other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that all claims in this Complaint that are proper for presentation to a jury be tried to a jury.

Respectfully submitted this 15th day of April, 2011.

Joseph C. Sharp
*Georgia Bar No. 637965*
joesharp@asherafuse.com

**ASHE, RAFUSE & HILL, LLP**
1355 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309-3232
Telephone: (404) 253-6000
Facsimile: (404) 253-6060

Jeremy Vern Kilburn, Esq.
*Georgia Bar No. 315728*
jvk@alcovylaw.com

**PRESTON & MALCOM P.C.**
P.O. Box 984
Monroe, GA 30655
Telephone: 770-267-2503
Facsimile: 770-267-2899

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

- 13 -

# Exhibit A

MetLife Investors USA Insurance Company
PO Box 330                          00966
Warwick RI 02887-0330

# MetLife®

January 11, 2011

Ms. Kellie W. Graziosi
3635 Mount Carmel Church Road
Monroe GA  30655

RE:   METLIFE INVESTORS USA INSURANCE COMPANY POLICY 206153777USU
INSURED STEVEN R TARASZKA, MD

Dear Ms. Graziosi:

Please accept our sincere condolences on your loss.

We have been contacted by Attorney Burke Johnson who represents the Estate of Steven R.
Taraszka, MD. We have been requested to defer any payments as they are making inquiries into
the circumstances surrounding Dr. Taraszka's death. Attorney Johnson is being notified that we
have received your claim and are ready to proceed.

Your patience is appreciate as we wait for a response from Attorney Johnson.

If you have any questions, please contact me at 1-401-827-2877.

Sincerely,

*Kathleen M M Medeiros*

Kathleen M M Medeiros
Claims Unit
9348699

**Exhibit B**

A LEGAL PROFESSIONAL ASSOCIATION

# BUCKLEY KING

219 BOULEVARD NE

GAINESVILLE, GEORGIA 30501

Gainesville Tel: 678.288.0030   Buford Tel: 770.831.7770

Fax: 770.532.6128 • www.buckleyking.com

Writer's Email: Johnson@buckleyking.com

January 17, 2011

Mr. Michael Malcom
Preston & Malcom, P.C.
P.O. Box 984
Monroe, GA 30655

     Re:   The Estate of Steven Robert Taraszka, M.D.

Dear Mike:

     Last Friday, January 14, 2011, I spoke with David Morgan, who is an insurance agent for Metropolitan Life Insurance Company. Mr. Morgan told me that now that a death certificate has been issued with regard to the death of Dr. Steven Taraszka, the company anticipates paying the life insurance benefits at issue to Kellie Graziosi. I am writing to let you know that Kenneth Taraszka in his position as the Temporary Administrator of the estate of his brother, has asked that we request Metropolitan Life defer payment of the benefits pending our ongoing investigation into the death of his brother.

     We also have been advised of certain recent actions of Kellie Graziosi attempting to make claims to certain personal property that belongs to Dr. Taraszka's estate by claiming that the property is hers. As we discussed previously, you had planned to have Ms. Graziosi photographically document the property in and around the home where she and Dr. Taraszka lived and provide a list of all items that she contends belongs to her. I would appreciate it if you would let me know when this task has been completed.

     Very truly yours,

     Burke B. Johnson

BBJ/lb

cc:   Kenneth Taraszka

Exhibit C

RUSSELL P. PRESTON
R. MICHAEL MALCOM
PAUL L. ROSENTHAL
JEREMY VERN KILBURN
SALLY S. JARRATT
JOSHUA P. JOHNSON

From the desk of
Jeremy V. Kilburn, Esq.

# PRESTON & MALCOM, P.C.
*ATTORNEYS AT LAW*
110-112 COURT SQUARE
POST OFFICE BOX 984
MONROE, GEORGIA 30655

(770) 267-2503
REAL ESTATE FACSIMILE (770) 267-3596
LITIGATION FACSIMILE (770) 267-2899

..jvk@alcovylaw.com

January 20, 2011

<u>*VIA FACSIMILE TO (401) 827-2925*</u>
<u>*AND CERTIFIED MAIL-RETURN*</u>
<u>*RECEIPT REQUESTED*</u>

Ms. Kathleen M. Medeiros
Claims Unit
MetLife Investors USA Insurance Company
P.O. Box 330
Warwick, RI 02887-0330

RE:  My Client:         Kellie Graziosi
     Your Policy No.:   Metlife Investors USA Insurance Company Policy 206153777USU
     Insured:           Steven R Taraszka, MD
     My File No.:       70.1104

Dear Ms. Medeiros:

By way of introduction, our firm has the pleasure of representing Ms. Kellie Graziosi. As you are aware, Ms. Graziosi is the beneficiary of the Life Insurance Policy on the life of her long time companion, Dr. Steven Taraszka. Dr. Taraszka died tragically on November 18, 2010. Ms. Graziosi has since tendered a claim to the office of Mr. Dave Morgan, her local MetLife agent, relating to said life insurance policy. Ms. Graziosi has also delivered the death certificate (a copy of which is attached), as is required under the policy. During the weeks since Dr. Taraszka's tragic death, Ms. Graziosi has been contacted by Dr. Taraszka's family, and their attorney, Burke Johnson regarding the administration of his estate.

We are in receipt of a letter from Mr. Johnson dated January 17, 2011 advising that he, on behalf of his clients, the Taraszka family, is requesting that MetLife not process the claim made

PRESTON & MALCOM, P.C.

by our client with respect to the life insurance policy. We take great exception to this request, which appears to be based solely upon the claim that there is an ongoing investigation into the death of Dr. Taraszka. The only investigation of which we are aware is the one apparently being conducted by Mr. Johnson himself, or his lawfirm, as the Walton County Coroner has opined that the death was accidental. The clear implication of Mr. Johnson's letter is that Ms. Graziosi was somehow involved or responsible for the death of her boyfriend of over ten years. This slanderous position on the part of Mr. Johnson's clients is so abhorrent and indecent that it scarcely deserves a response, and it is apparently motivated by a desire on the part of Mr. Johnson's clients to divert the proceeds from the Life insurance policy to themselves.

While we are preparing separate correspondence to Mr. Johnson to deal with their conduct, we felt it incumbent to remind Met Life of its contractual obligations under the aforementioned life insurance policy. It is our understanding that our client's claim is being processed and the payment will be made soon. If this understanding is not correct, then please accept this letter as our demand that Met Life process the claim of Ms. Graziosi forthwith, and that the claim be adjusted in good faith, free from further interference from any third parties. Please forward this letter to the appropriate individuals within the Met Life organization as you see fit, as well as to their counsel, if any.

If for any reason the payment due under the policy will not be made within the next ten (10) days, please let us know immediately and please provide a reason for any such delay. Please direct any and all future correspondence in this matter to me, including any information regarding payment pursuant to the policy. Thank you for your continued cooperation with this unfortunate situation.

Sincerely,

Jeremy V. Kilburn, Esq.

JVK/gs
Enclosure

## GEORGIA DEATH CERTIFICATE

| 1. DECEDENT'S LEGAL FULL NAME (FIRST, MIDDLE, LAST) Steven Robert Tarazcka | 1a. LAST NAME AT BIRTH (IF FEMALE) | | 2. SEX Male | 3a. DATE OF DEATH (MM/DD/YYYY) November 19, 2010 |
|---|---|---|---|---|
| 4. SOCIAL SECURITY NUMBER 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 | 4a. AGE (YEARS) 45 | 4b. UNDER 1 YEAR / MONTHS / DAYS | 4c. UNDER 1 DAY / HOURS / MINUTES | 3b. DATE OF BIRTH (MM/DD/YYYY) April 22, 1965 |

| 5. BIRTHPLACE (CITY AND STATE OR FOREIGN COUNTRY) Glen Ridge, NJ | 7a. STREET AND NUMBER OF RESIDENCE 3855 Mount Carmel Church Road | 7b. ZIP CODE 30655 | 7c. CITY OR TOWN OF RESIDENCE Monroe |
|---|---|---|---|
| 7d. COUNTY OF RESIDENCE Walton | 7f. STATE OF RESIDENCE Georgia | 7e. COUNTRY United States | 7g. INSIDE CITY LIMITS ☐Yes ☒No ☐ Unknown / 8. ARMED FORCES ☐ Yes ☒ No ☐ Unknown |
| 9. OCCUPATION Physician | 9a. NATURE OF BUSINESS Medical | 9b. EMPLOYER Monroe Medical and Wellness | |

| 10. MARITAL STATUS ☒ Married ☐ Married, but separated ☐ Widowed ☐ Divorced ☐ Never Married ☐ Unknown | 10. SPOUSE'S NAME (IF WIFE, GIVE NAME PRIOR TO FIRST MARRIAGE) | 11. FATHER'S NAME (FIRST, MIDDLE, LAST) Eugene A. Tarazcka |
|---|---|---|

| 12. MOTHER'S NAME PRIOR TO FIRST MARRIAGE (FIRST, MIDDLE, LAST) Ann King | 13. DECEDENT'S EDUCATION (HIGHEST LEVEL) ☐ 8th grade or less ☐ 9th-12th grade; no diploma ☐ High school graduate or GED completed ☐ Some college credit, but no degree ☐ Associate degree (e.g., AA, AS) / ☐ Bachelor's degree (e.g., BA, AB, BS) ☐ Master's degree (e.g., MA, MS, MEng, MEd, MSW, MBA) ☒ Doctorate (e.g., PhD, EdD) or Professional degree (e.g., MD, DDS, DVM, LLB, JD) ☐ Unknown | 14a. INFORMANT'S NAME (FIRST, MIDDLE, LAST) Eugene A. Tarazcka |
|---|---|---|
| 14b. RELATIONSHIP TO DECEDENT Father | 14c. MAILING ADDRESS (STREET AND NUMBER, CITY, COUNTY, STATE, ZIP CODE) 25 Sequoia Pl, Wayne, Passaic, NJ 07470 | |

| 15. HISPANIC ORIGIN ☒ No, not Spanish/Hispanic/Latino ☐ Yes, Puerto Rican ☐ Yes, Mexican, Mexican American, Chicano ☐ Yes, Cuban ☐ Yes, other Spanish/Hispanic/Latino ☐ Unknown | 16. DECEDENT'S RACE ☒ White ☐ Japanese ☐ Asian Indian ☐ Chinese ☐ Filipino / ☐ Black/African American ☐ Korean ☐ Vietnamese ☐ Native Hawaiian ☐ Guamanian/Chamorro / ☐ Samoan ☐ American Indian/Alaska Native ☐ Other Asian ☐ Other Pacific Islander ☐ Other ☐ Unknown |
|---|---|

| 17a. IF DEATH OCCURRED IN HOSPITAL ☐ Inpatient ☐ Emergency Room/Outpatient ☐ Dead on Arrival | 17b. IF DEATH OCCURRED OTHER THAN HOSPITAL ☐ Hospice Facility ☐ Nursing Home/Long Term Care Facility ☒ Decedent's Home ☐ Other ☐ Unknown |
|---|---|
| 18. FACILITY NAME 3855 Mount Carmel Church Road | 18a. FACILITY ADDRESS (STREET AND NUMBER, CITY, COUNTY, STATE, ZIP CODE) 3855 Mount Carmel Church Road Monroe, GA 30656 | 19. COUNTY OF DEATH Walton |
| 21. METHOD OF DISPOSITION ☒ Burial ☐ Cremation ☐ Donation ☐ Entombment ☐ Removal from State ☐ Other | 22. PLACE OF DISPOSITION (NAME AND COMPLETE ADDRESS) Meadows Funeral Home, Inc 760 Hwy 11 SE Monroe, GA 30655 | 23. DATE OF DISPOSITION (MM/DD/YYYY) November 22, 2010 |
| 24. EMBALMER'S NAME & CERTIFIED INITIALS Not Embalmed | | 24b. LICENSE NUMBER |
| 25. FUNERAL HOME NAME Meadows Funeral Home, Inc | 25a. FUNERAL HOME ADDRESS (STREET AND NUMBER, CITY, COUNTY, STATE, ZIP CODE) 760 Hwy 11 SE P.O. Box 1232, Monroe, GA 30655 | |
| 26. FUNERAL DIRECTOR'S NAME (PRINT) Christopher Joseph Madaus | 25c. SIGNATURE OF FUNERAL DIRECTOR Christopher Joseph Madaus | 26. LICENSE NUMBER 4719 |

| 27. DATE PRONOUNCED DEAD November 19, 2010 | 27a. TIME PRONOUNCED DEAD 4:00 AM | 28a. PRONOUNCER'S NAME AND TITLE Richard J. Jenkins Deputy Coroner |
|---|---|---|
| 28b. PRONOUNCER LICENSE NUMBER 904-M | | 30. ACTUAL OR PRESUMED TIME OF DEATH 4:00 AM |

| 31. Part I. Enter the chain of events—diseases, injuries, or complications—that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | Approximate interval between onset and death |
|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) Toxic effects of fentanyl, / Amphetamine and fluoxetine. Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST. | Hours |
| Part II. Enter other significant conditions contributing to death, but not resulting in the underlying cause given in Part I. | 32. WAS AUTOPSY PERFORMED ☒ Yes ☐ No |

| 33. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH ☒ Yes ☐ No ☐ Unknown | 33a. WAS AN INJURY OF ANY KIND INDICATED IN THE CAUSE OF DEATH FOR PART I OR PART II WITH THE DECEDENT ☐ Yes ☐ No | 34. WAS CASE REFERRED TO MEDICAL EXAMINER OR CORONER ☒ Yes ☐ No ☐ Unknown |
|---|---|---|
| 35. TOBACCO USE CONTRIBUTE TO DEATH ☐ Yes ☒ No ☐ Unknown ☐ Probably | 36. IF FEMALE ☒ Not Applicable ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to 1 year before death ☐ Pregnant at the time of death ☐ Unknown if pregnant within the past year | 37. MANNER OF DEATH ☐ Accident ☐ Could not be determined ☐ Homicide / ☐ Natural ☐ Pending Investigation ☐ Suicide |

| 38. DATE OF INJURY (MM/DD/YYYY) 11-18-2010 | 39. TIME OF INJURY Unknown | 40. PLACE OF INJURY Decedent's Home | 41. INJURY AT WORK ☐ Yes ☐ No |
|---|---|---|---|
| 42. LOCATION (STREET AND NUMBER, CITY, STATE, ZIP CODE) 3855 Mount Carmel Church Rd Monroe GA Walton 30655 | | | |
| 43. DESCRIBE HOW INJURY OCCURRED Drug Overdose | | 44. IF TRANSPORTATION INJURY ☐ Driver/Operator ☐ Passenger ☐ Pedestrian ☐ Other | |

| 45. To the best of my knowledge death occurred at the time, date, place, and due to the cause(s) stated. Medical Certifier (Name, Title, License No.) (PRINT AND SIGN) Joseph H. Page, Coroner 921471 | 48. On the basis of examination and/or investigation, in my opinion death occurred at the time, date, place, and due to the cause(s) stated. Medical Examiner/Coroner (Name, Title, License No.) (PRINT AND SIGN) Joseph H. Page, Coroner 921471 |
|---|---|
| 46a. DATE SIGNED (MM/DD/YYYY) | 46b. HOUR OF DEATH 4:00 AM | 48a. DATE SIGNED (MM/DD/YYYY) 3/03/2011 | 48b. HOUR OF DEATH 4:00 AM |
| 47. PERSON COMPLETING CAUSE OF DEATH (NAME, ADDRESS, COUNTY, ZIP CODE) Joseph H. Page, Coroner, 205 Hammond Drive Ste 83, Monroe, Walton, GA 30656 | |
| 49. REGISTRAR SIGNATURE (PRINT AND SIGN) Sue Harris, Registrar | 48. DATE FILED (REGISTRAR) 1-4-2011 |

Form 3923 (Rev. 04/2009)

This certificate does not constitute a certified copy without the appropriate certification on the back.

## CERTIFICATE OF RECORD

This is an exact copy of the death certificate, received for filing in

_____Walton_____ County, Georgia.

_Sue C Henson_
Local Custodian of Vital Records

____WALTON____ County

By: _Robin Olin_
Certified Copy Clerk

Date: _1.6.11_



TRANSMISSION VERIFICATION REPORT

TIME  : 01/20/2011 13:29
NAME  :
FAX   :
TEL   :
SER.# : L6J308633

DATE,TIME          01/20  13:27
FAX NO./NAME       14018272925
DURATION           00:02:31
PAGE(S)            04
RESULT             OK
MODE               STANDARD
                   ECM

## PRESTON & MALCOM, P.C.
### ATTORNEYS AT LAW
110-112 COURT SQUARE
POST OFFICE BOX 984
MONROE, GEORGIA 30655

(770) 267-2503
REAL ESTATE FACSIMILE (770) 267-3596
LITIGATION FACSIMILE (770) 267-2899

RUSSELL P. PRESTON
R. MICHAEL MALCOM
PAUL L. ROSENTHAL
JEREMY VERN KILBURN
SALLY S. JARRATT
JOSHUA F. JOHNSON

TO:         Ms. Kathleen M. Medeiros, Claims Unit

COMPANY:    MetLife Investors USA Insurance Company

FROM:       Griselda Sauceda, Paralegal

C/M NO:     _____

# OF PAGES: 4    Including Cover Sheet

FAX #:      401-827-2925

PHONE #:    _____

DATE:       Thursday; January 20, 2011

RE:         My Client: Kellie Graziosi
            Your Policy No.: Metlife Investors USA Insurance Company Policy
            206153777USU
            Insured: Steven R. Taraszka, MD
            My File No. 20.1104

COMMENTS:   Please see the attached letter. Original to follow via certified mail

ATTN: GRISELDA SAUCEDA, PARALEGAL
PRESTON & MALCOM, PC
P.O. BOX 784
MONROE GA 30655

| | Restricted Delivery? | 3. Service Type |
| | (Extra Fee) [ ] Yes | CERTIFIED |

2. Article Number
7190 0007 1140 0000 3962

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: (☐ Addressee or ☐ Agent)

X

B. Received By: (Please Print Clearly)

MetLife Mail Service

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City ................ State ........ ZIP + 4 Code

7190 0007 1140 0000 3962

1. Article Addressed To:
MS. KATHLEEN M. MEDEIROS
CLAIMS UNIT
METLIFE INVESTORS USA INSURANCE COMP
P.O. BOX 330
WARWICK RI 02887-0330



UNITED STATES POSTAL SERVICE

24 JAN 2011 PM 2 T

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

RETURN TO:

RE: Graziosi - 70.1104

ATTN: GRISELDA SAUCEDA, PARALEGAL
PRESTON & MALCOM, PC
P.O. BOX 784
MONROE GA 30655

PS FORM 3811, 2/2004

**Exhibit D**

MetLife Investors USA Insurance Company
PO Box 330
Warwick RI 02887-0330          00082

**MetLife®**

February 1, 2011

Jeremy V. Kilburn, Esq.
Preston and Malcom PC
PO Box 984
Monroe GA 30655

RE: METLIFE INVESTORS USA INSURANCE COMPANY POLICY 206153777USU
INSURED STEVEN R TARASZKA MD

Dear Mr. Kilburn:

This will acknowledge receipt of your letter dated January 20, 2011 and supplement our conversation of January 25, 2011.

As discussed, we have been contacted by Attorney F. Glenn Moffett Jr., regarding the proceeds payable on this policy. Attorney Moffett has informed us that he is in the process of preparing legal proceeding which will be filed in court to request that a restraining order be issued against MetLife Investors USA Insurance Company to either hold the proceeds of this policy or pay the proceeds into the court for later determination by the court as to the payee. Therefore, we are unable to proceed with your client's claim at this time.

Attorney Moffett's office is located at 6085 Roswell Road NE, Atlanta Georgia, 30328. The office phone number is 404-252-2223.

If you have any questions, please contact me at 1-401-827-2677.

Sincerely,

*Kathleen M M Medeiros*
Kathleen M M Medeiros
Claims Unit
9346699