# EXHIBIT  4

## IN THE SUPERIOR COURT OF WALTON COUNTY
### STATE OF GEORGIA

KELLIE WHITE GRAZIOSI )
)
    Plaintiff, )
)
v. )    Civil Action No. 11-0764-3
)
METLIFE INVESTORS USA )    **JURY TRIAL DEMANDED**
INSURANCE COMPANY )
)
    Defendant. )
)

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT METLIFE INVESTORS USA
## INSURANCE COMPANY

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiff Kellie White

Graziosi ("Plaintiff" or "Graziosi"), by and through her undersigned counsel,

propounds the following requests for production of documents to be responded to

by Defendant MetLife Investors USA Insurance Company ("Defendant" or

"MetLife USA") and requests that the responses be served upon the undersigned

attorneys within the time required by law. Each of the following requests for

production is continuing in the manner provided by law. DO NOT DESTROY OR

DISCARD ANY DOCUMENTS, DRAFTS OF DOCUMENTS, OR

INFORMATION CALLED FOR IN DISCOVERY OR RELATING TO THE

CLAIMS ASSERTED AGAINST YOU.

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

## INSTRUCTIONS AND DEFINITIONS

a.   Each request seeks documents available to Defendant MetLife Investors USA Insurance Company, its attorneys or agents, and all persons acting on its behalf.

b.   If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, provide sufficient information to determine the identity of the document and state in detail the basis for any asserted claim of privilege.

c.   If a document previously existed but has been misplaced, lost, destroyed, discarded, or is otherwise unavailable, identify the document and any persons involved in its unavailability and state the date and circumstance of its unavailability.

d.   If you object to a request and refuse to respond to that part, state your objection and respond to the remaining portion of that request. If you object to the scope or time period of a request and refuse to respond for that scope or time period, state your objection and respond to the request for the scope or time period you believe is appropriate.

e.   If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and respond to the extent possible, specifying your inability to respond to the

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any manner, please set forth the details of such qualification.

f.      As used herein, the term "MetLife USA," "your" or "you" shall refer to Defendant MetLife Investors USA Insurance Company and its attorneys, agents, officers, employees, consultants, representatives, related companies, including General American Life Insurance Company, and all persons acting

g.      As used herein, "MetLife Policy" shall refer to life insurance policy, No. 206153777USU, covering the life of Dr. Steven Taraszka and referenced in Plaintiff's Complaint.

h.      As used herein, "document" means any writing or other correspondence or tangible thing, whether signed or unsigned, in draft or final form, an original or a copy, in the custody or control of or known to MetLife USA or MetLife USA's counsel. This definition includes the full scope of documents and things discoverable under O.C.G.A. § 9-11-34 and is used in its broadest sense to include, without limitation, the following items, whether printed, recorded, microfilmed, electronically, optically or magnetically stored, or reproduced by any process, or written or produced by hand: correspondence, e-mails, checks, billing statements, customer service records, credit information, appointment books, proposals, agreements,

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

estimates, contracts, purchase orders, letters, telegrams, telexes, intraoffice or interoffice communications, memoranda, reports, business records, instructions, specifications, notes, notebooks, lists, personnel records, scrapbooks, diaries, calendars, plans, diagrams, pictures, photographs, photocopies, promotional material, charts, graphs, exhibits, displays, descriptions, drafts, minutes of meetings and/or conferences and/or telephone and/or other conversations or communications, recordings, press releases, published or unpublished or pending speeches or articles, publications, transcripts of telephone conversations, telephone logs, telephone bills, messenger and/or courier logs, messenger and/or courier receipts, records of the transmittal or receipt of correspondence and/or documents and/or other tangible materials, records reflecting charges to clients or others for the transmittal or receipt of correspondence and/or documents and/or other tangible materials, ledgers, financial statements, microfilm, tape or disk (disc) recordings, written or electronically or magnetically stored calculations, computer printouts or any other tangible thing that stores, contains or preserves facts and/or opinions and/or information, or which in any way refers to, relates or reflects the fact or substance of any communication or other transmittal of fact and/or opinions and/or information, in any way whatsoever. This definition includes, but is

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

4

not limited to, electronically stored data from which information can be obtained either directly or by translation through detection devices or readers, and any such document is to be produced in a reasonably legible and usable form. This definition includes the original item (or copy thereof if the original is not available) and all copies which differ in any respect from the original, including copies containing any notation, underlining, marking or information not on the original.

i.    "Person" means any natural person, any business entity (whether partnership, association, cooperative, or corporation), and any governmental entity or department, agency, bureau, or political subdivision thereof.

j.    As used herein, the term "communication" includes, without limitation, communications by whatever means transmitted, (i.e., whether oral, written, electronic, or other methods are used), as well as any note, memorandum, or other record thereof.

k.    As used herein, the terms "each" and "any" include both "each" and "every" whenever appropriate. The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

5

l.   As used herein, the term "relate to," including its various forms such as "relating to," shall mean: consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

m.   The singular shall include the plural and vice versa, and words in one gender shall include the other gender.

n.   As used herein, the term "Plaintiff" or "Graziosi" refers to Plaintiff Kellie White Graziosi, her attorneys, representatives and all persons acting on her behalf.

o.   As used herein, "Dr. Taraszka" refers to Dr. Steven Taraszka.

p.   If a Request for Production of Documents has a subpart, each subpart is to be read in conjunction with each other, but responded to separately.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.   Any and all documents which reflect, refer or relate to the MetLife Policy.

2.   Any and all applications related to the MetLife Policy.

3.   Any and all documents which reflect, refer or relate to any communications with Plaintiff.

4.   Any and all documents which reflect, refer or relate to the claim submitted to you by Plaintiff for the proceeds of the MetLife Policy.

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

6

5.    Any and all documents which reflect, refer or relate to any beneficiary of the MetLife Policy.

6.    Any and all documents which reflect, refer or relate to any claim made by anyone related to the MetLife Policy.

7.    Any and all documents which reflect, refer or relate to your decision to not pay the proceeds of the MetLife Policy to Plaintiff.

8.    Any and all documents sent to or received from Plaintiff.

9.    Any and all documents which refer or relate to Plaintiff.

10.   Any and all documents sent to or received from Burke Johnson and/or Glen Moffet related to the MetLife Policy.

11.   Any and all documents which reflect, refer or relate to a letter dated January 11, 2011 you sent to Plaintiff, a copy of which is attached to Plaintiff's Complaint as Exhibit A.

12.   Any and all documents which reflect, refer or relate to a letter dated February 1, 2011 you sent to Plaintiff's counsel, a copy of which is attached as Exhibit D to Plaintiff's Complaint.

13.   Any and all documents sent to or received from David Morgan related to the MetLife Policy.

14.   Any and all documents which reflect, refer or relate to the processing of any claim related to the MetLife Policy.

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

7

15.   Any and all documents which reflect, refer or relate to any investigation you conducted related to Plaintiff's claim for the proceeds of the MetLife Policy.

16.   Any and all documents which reflect, refer or relate to the Dr. Taraszka's death.

17.   Any and all documents which reflect, refer or relate to the any investigation related to Dr. Taraszka's death.

18.   Any and all documents which reflect, refer or relate to any communications you had with anyone regarding the payment of the proceeds of the MetLife Policy including but not limited to Burke Johnson, Glen Moffet, and/or anyone claiming to be one of Dr. Taraszka's family members.

19.   Any and all documents which reflect, refer or relate to the policies and procedures that governed your payment of claims for life insurance proceeds.

20.   Any and all documents which reflect, refer or relate to any investigation you undertook related to the MetLife Policy.

21.   Any and all statements you have obtained from anyone related to the Policy.

22.   Any and all documents which reflect, refer or relate to any communications you have had with relatives of Dr. Taraszka.

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

8

23.   Any and all documents which reflect, refer or relate to any representation of any of Dr. Taraszka's relatives and/or his estate.

24.   Any and all documents sent to or received from any person you may call as an expert witness at trial or other proceeding.

Respectfully submitted this 15ᵗʰ day of April, 2011.

ASHE, RAFUSE & HILL, LLP          *Joe Sharp w/ exp permission*
1355 Peachtree Street, N.E.
Suite 500                         Joseph C. Sharp, Esq.
Atlanta, GA 30309-3232            *Ga. Bar No. 637965*
Telephone: (404) 253-6000         joesharp@asherafuse.com
Facsimile: (404) 253-6060


PRESTON & MALCOM P.C.
P.O. Box 984
Monroe, GA 30655                  Jeremy Vern Kilburn, Esq.
Telephone: 770-267-2503           *Georgia Bar No. 315728*
Facsimile: 770-267-2899           jvk@alcovylaw.com

                                  **Counsel for Plaintiff**

PRESTON & MALCOM, P.C.
Attorneys at Law
110 Court Square
Post Office Box 984
Monroe, Georgia 30655
770-267-2503

9