IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| KELLIE WHITE GRAZIOSI, | : | |
| | : | |
| Plaintiff/Counter-Defendant, | : | |
| | : | |
| v. | : | No. 3:11-CV-80 (CAR) |
| | : | |
| METLIFE INVESTORS USA INSURANCE CO., | : | |
| | : | |
| Defendant/Counter-Claimant. | : | |

## ORDER ON DEFENDANT'S MOTION TO JOIN DEFENDANTS IN INTERPLEADER, PLAINTIFF'S MOTION TO DISMISS DEFENDANTS COUNTERCLAIM, AND PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

This matter comes before the Court on Defendant MetLife Investors USA Insurance Company's ("MetLife") Motion to Join Defendants in Interpleader [Doc. 7], Plaintiff's Motion to Dismiss Defendant's Counterclaim in Interpleader [Doc. 9], Plaintiff's Motion for a Hearing [Doc. 10], and Plaintiff's Motion for Judgment on the Pleadings [Doc. 15]. Having considered all matters and the relevant law, MetLife's Motion to Join Defendants in Interpleader [Doc. 7] is **GRANTED**, Plaintiff's Motion to Dismiss Defendant's Counterclaim-in-Interpleader [Doc. 9] is **DENIED**, Plaintiff's

1

Motion for a Hearing [Doc. 10] is **DENIED** as moot, and Plaintiff's Motion for Judgment on the Pleadings [Doc. 15] is **DENIED**.

## FACTUAL BACKGROUND

This case involves a dispute over the payment of death benefits from a life insurance policy [the Policy] issued by MetLife to Dr. Steven Taraszka. On December 8, 2010, after Dr. Taraszka's death on November 19, MetLife sent a claim packet to Dr. Taraszka's significant other, Plaintiff Kellie Graziosi, requesting that Plaintiff complete a claim form and submit a certified copy of Dr. Taraszka's death certificate to MetLife. Plaintiff is listed as the primary beneficiary under the Policy. On December 21, 2010, MetLife received a letter from an attorney representing Ken Taraszka in his capacity as Administer of Dr. Taraszka's estate, notifying MetLife that the circumstances surrounding Dr. Taraszka's death were under investigation and requesting that MetLife defer payment of the Policy pending the outcome of the investigation.

On January 6, 2011, Plaintiff submitted a claim form to MetLife for the benefits under the Policy, along with a certified copy of Dr. Taraszka's death certificate. In the month that followed, MetLife corresponded with both Plaintiff and the attorney for Ken Taraszka. Then on January 24, MetLife received a telephone call from a second attorney who had been retained by Ken Taraszka, Eugene Taraszka, the named contingent beneficiary under the Policy and father of Dr. Taraszka, and Ann Taraszka, mother of

Dr. Taraszka.  The attorney for the Taraszka family informed MetLife that he would be filing suit against MetLife and requested that MetLife refrain from making payment to Plaintiff.[1]  After MetLife continued to defer payment, Plaintiff filed suit against MetLife in the Superior Court of Walton County, Georgia, seeking the $1,000,000 death benefit payable under the Policy.  MetLife then removed the action to this Court.

In addition to answering Plaintiff's complaint, MetLife also filed a counterclaim-in-interpleader under 28 U.S.C. § 1335.  MetLife acknowledged that death benefits were payable under the policy as a result of Steven Taraszka's death.  It showed that it had received multiple and conflicting informal claims to the benefits, and that it had received multiple threats of multiple litigation over the benefits from Plaintiff and Ken, Eugene, and Ann Taraszka.  MetLife also attached a complaint filed by the Taraszka family against Plaintiff in state court asserting that Plaintiff was negligent in not changing the names of the beneficiaries.  Thus, MetLife requested that the Court authorize it to pay the death benefits payable under the policy, plus interest, into the registry of the Court.  [Doc. 5].

After filing its counterclaim-in-interpleader, MetLife filed a Motion to Join Defendants in Interpleader requesting that the Court join Ken, Eugene, and Ann Taraszka as defendants. Plaintiff responded to MetLife's Counterclaim-in-Interpleader by arguing that Plaintiff is the only necessary party to the litigation and that the

---

[1] MetLife, to this Court's knowledge, has not yet been sued by the Taraszka family.

Taraszka family's informal claim to the policy is meritless. Subsequently, Plaintiff filed a Motion to Dismiss Defendant's Interpleader, asserting essentially the same arguments that Plaintiff makes in opposition to MetLife's Interpleader Motion. Plaintiff also filed a Motion for Judgment on the Pleadings, asserting that Plaintiff was entitled to the funds under an action for breach of contract.

## DISCUSSION

### I. Statutory Interpleader and Rule 19

MetLife's Counterclaim specifically requests defensive statutory interpleader under 28 U.S.C. § 1335. This Section grants district courts the jurisdiction over interpleader actions filed by any corporation that has issued an insurance policy in the amount of $500 or more if two conditions are met. First, statutory interpleader, unlike Rule 22 interpleader, requires minimal diversity among at least two adverse claimants who "are claiming or may claim to be entitled to such money." 28 U.S.C. § 1335(a)(1); Allstate Ins. Co. v. Young, 923 F.Supp. 1559 (S.D. Ga., 1996); see State Farm Fire & Casualty v. Tashire, 386 U.S. 523, 530 (1967). Second, the plaintiff must deposit the value of the policy into the registry of the court. Id. § 1335(a)(2).

Here, the conditions for statutory interpleader are met. MetLife issued a life insurance policy in the amount of $1,000,000 to Taraszka. Since Taraszka's death, MetLife has received one formal claim to the policy from Plaintiff and has received

informal claims from the Taraszka family. Because of the threats of litigation from the Taraszka family, it is clear that the Taraszka family and the Taraszka estate may make a formal claim to the insurance proceeds against MetLife. Second, these adverse parties have the diversity of citizenship required under Section 1335: Plaintiff is a citizen of Georgia; Ken Taraszka is a citizen of Florida and in his capacity as Taraszka's estate administrator, a citizen of Georgia; and Eugene and Ann Taraszka are citizens of New Jersey. Finally, MetLife has expressed willingness and requested authorization to deposit the value of the policy into the registry of the court.

In order to complete its interpleader action, MetLife requests that the Court join Ken, Eugene, and Ann Taraszka as defendants in the counterclaim-in-interpleader action under Rule 21.[2] Fed. R. Civ. P. 21. MetLife argues that the Court should join Ken, Eugene, and Ann Taraszka because they are required parties under Rule 19(a).

Rule 19(a) dictates that a party "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined" if: "the court cannot accord complete relief among the existing parties" in the absence of the party to be joined; or the party to be joined "claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may: . . . impede the person's ability to protect the interest" or subject an

---

[2] Rule 21 states in part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

existing party to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a).

Ken, Eugene, and Ann Taraszka are required parties in MetLife's counterclaim-in-interpleader action. All three are subject to nationwide service of process under 28 U.S.C. § 2361. Joining the three will not deprive the Court of subject matter jurisdiction under 28 U.S.C. § 1335. And finally, all three seem to oppose Plaintiff's entitlement to payment under the policy which may leave MetLife subject to a substantial risk of incurring inconsistent and multiple obligations. Certainly if they are not joined, but instead file separate actions opposing payment to Plaintiff and claiming entitlement to the benefits, MetLife would be exposed to a substantial risk of inconsistent and multiple obligations if Plaintiff's action were determined in her favor, but the other parties separate actions were determined in their favor. Further, the litigious attitudes of the Taraszka family, at the very least, make Defendant's fear of inconsistent and multiple obligations reasonable. Accordingly Plaintiff's Motion to Dismiss Defendant's Counterclaim in Interpleader is denied.

## II. Judgment on the Pleadings

Plaintiff filed a Motion for Judgment on the Pleadings, asserting that all material facts in this contract dispute have been resolved. Judgment on the pleadings is proper when "there are no material facts in dispute, and judgment may be rendered by

considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). The Court accepts the facts as set forth in the pleadings as true and views them in the light most favorable to the nonmoving party. Id.

After consideration, this Court denies Plaintiff's pending motion for judgment on the pleadings. At this early stage in litigation, there are still material facts that are in dispute. Namely, after determining that interpleader of the Taraszka family was appropriate, proper administration of the proceeds is still, at this point, indeterminate.

## CONCLUSION

Accordingly, the Court **GRANTS** MetLife's Motion to Join Defendants in Interpleader [Doc. 7]. Because the Court finds that this is a proper action for interpleader and that Defendant's Interpleader Motion should be granted, Plaintiff's Motion to Dismiss Defendant's Counterclaim in Interpleader [Doc. 9], Plaintiff's Motion for a Hearing [Doc. 10], and Plaintiff's Motion for Judgment on the Pleadings [Doc. 15] are **DENIED**. Ken Taraszka, administrator of Steven Taraszka's Estate, and Eugene and Ann Taraszka are **JOINED** as defendants-in-counterclaim.

The Court further **DIRECTS** the United States Marshals Service to personally serve process on Ken, Eugene, and Ann Taraszka as provided by 28 U.S.C. § 2361. The Court **DIRECTS** defendants-in-counterclaim Ken, Eugene, and Ann Taraszka to

respond to Defendants Counterclaim-in-Interpleader within twenty-one (21) days, and to set forth any claims that they may have to the death benefits and interest payable under Policy No. 206153777USUS by reason of the death of Steven Taraszka.  This Court hereby **ENJOINS** defendants-in-counterclaim Ken, Eugene, and Ann Taraszka from instituting or prosecuting any claim in any State or United States court affecting those death benefits against Defendant MetLife, except by way of the instant interpleader action.

Finally, the Court **AUTHORIZES** and **DIRECTS** Defendant MetLife permission to pay into the registry of the Court the sum of $1,000,000, representing the death benefits payable under the terms of the policy, together with any applicable interest.

SO ORDERED this 19th day of October, 2011.

S/  C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

LMH/jlr