# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| KELLIE WHITE GRAZIOSI | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| METLIFE INVESTORS USA | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant and | ) | CIVIL ACTION |
| Plaintiff-in-Counterclaim | ) | |
| | ) | FILE NO.  3:11-CV-00080-CAR |
| v. | ) | |
| | ) | |
| EUGENE TARASZKA and ANN | ) | |
| TARASZKA, Individually; and | ) | |
| KEN TARASZKA, M.D. as Administrator | ) | |
| of the Estate of DR. STEVEN TARASZKA | ) | |
| | ) | |
| Defendants-in-Counterclaim | ) | |

## AFFIDAVIT

Before the undersigned, an officer duly authorized by law to administer oaths, personally

appeared Regina Solomon-Stowe, who, on oath, deposes and states as follows:

1.

I, Regina Solomon-Stowe, am a Senior Technical Insurance Advisor and submit this

affidavit on behalf of MetLife Investors USA Insurance Company ("MetLife Investors").

2.

I am personally familiar with the manner in which ("MetLife Investors") maintains the

files and records that relate to the claims for death benefits made by Kellie White Graziosi under

Policy No. 206153777USU, insuring the life of Dr. Steven Taraszka.

3.

My personal knowledge, as well as the files and records maintained by MetLife Investors in the ordinary course of business, form the basis of this affidavit.

4.

On July 26, 2006, MetLife Investors issued Policy No. 206153777USU, a flexible premium adjustable life insurance policy ("the policy") to Dr. Steven Taraszka, providing a death benefit of $1,000,000.  Dr. Taraszka's application for life insurance with MetLife is attached to and forms part of the Policy.

5.

A true copy of the policy is attached hereto as Exhibit 2, redacted to remove personal data identifiers.

6.

A true copy of the death certificate of Dr. Steven Taraszka, submitted by Plaintiff in support of her claim for death benefits, is attached hereto as Exhibit 3.  The Exhibit has been redacted to remove personal data identifiers.

7.

A true copy of MetLife's December 8, 2010 letter sent to Ms. Graziosi enclosing a claim packet is attached hereto as Exhibit 4.  The Exhibit has been redacted to remove personal data identifiers.

8.

A true copy of a letter dated December 21, 2010 received by MetLife Investors from Burke Johnson, an attorney claiming to represent Ken Taraszka in his capacity as Temporary Administrator of the Estate of Dr. Taraszka, is attached hereto as Exhibit 5.

9.

A true copy of a claim form dated January 6, 2011, submitted by Ms. Graziosi to MetLife Investors, is attached hereto as Exhibit 6.  The Exhibit has been redacted to remove personal data identifiers.

10.

A true copy of a letter dated January 11, 2011 sent by MetLife Investors to Burke Johnson regarding Ms. Graziosi's claim for death benefits is attached hereto as Exhibit 7.

11.

A true copy of a letter dated January 11, 2011 sent by MetLife to Ms. Graziosi regarding communications between MetLife Investors and Burke Johnson is attached hereto as Exhibit 8. The Exhibit has been redacted to remove personal data identifiers.

12.

A true copy of a letter dated January 17, 2011 received by MetLife Investors from Burke Johnson regarding an investigation of the death of Dr. Steven Taraszka is attached here to as Exhibit 9.

13.

A true copy of a letter dated January 20, 2011 received by MetLife Investors from Jeremy Kilburn, Ms. Graziosi's attorney, requesting that MetLife process Ms. Graziosi's claim is attached hereto as Exhibit 10.

14.

A t rue copy of notes of Kathleen Medeiros, on January 24, 2011, pertaining to a telephone conference with Glenn Moffett, attorney for the Taraszka family, are attached hereto as Exhibit 11.

15.

A true copy of a letter dated January 24, 2011 received by MetLife Investors from Glenn Moffett regarding the Taraszkas' "claim to the proceeds of [the] policy" is attached hereto as Exhibit 12.

16.

A true copy of notes of Kathleen Medeiros, on January 25, 2011, pertaining to a telephone conference with Jeremy Kilburn, attorney for Ms. Graziosi, are attached hereto as Exhibit 13.

17.

A true copy of a letter dated January 27, 2011 received by MetLife Investors from Glenn Moffett regarding the Taraszkas' objection to payment of benefits to Ms. Grazisosi and his preparation of "legal proceedings" for a restraining order against MetLife Investors is attached hereto as Exhibit 14.

18.

A true copy of a letter dated February 1, 2011 sent by MetLife Investors wrote to Jeremy Kilburn acknowledging his letter of January 20, 2011 and the subsequent telephone conference of January 25, 2011, and informing Mr. Kilburn of Glenn Moffett's "legal proceedings" is attached hereto as Exhibit 15.

19.

A true copy of a letter dated February 1, 2011 sent by MetLife Investors to Glenn Moffett acknowledging receipt of his January 24 and January 27, 2011 letters requesting that MetLife continue to defer payment is attached hereto as Exhibit 16.

20.

A true copy of a letter dated February 1, 2011 received by MetLife Investors from Glenn Moffett enclosing "a courtesy copy of the lawsuit which [he was] preparing to file in the United States District Court, Middle District of Georgia, Athens Division, against Ms. Kellie White Graziosi," and requesting MetLife Investors to "acknowledge that MetLife will not voluntarily release any funds to anyone without court approval," is attached hereto as Exhibit 17.

21.

The documents attached hereto and referred to herein are business records made at or near the time by, or from information transmitted by, persons with knowledge. Such records are prepared, received, maintained, and referred to by MetLife Investors in the course of its regularly conducted business activity.

22.

I am more than 21 years of age and am competent to testify to the matters contained herein. This affidavit is made to be submitted to the Court in connection with the motion for summary judgment of MetLife Investors filed in the above-styled action.

This 12th day of April, 2012.

_Regina Solomon-Stowe_
Regina Solomon-Stowe

Sworn to and subscribed before me
this 12th day of April, 2012.

_Joseph A. Mateo_
Notary Public
My Commission Expires:

JOSEPH A. MATEO
Notary Public of New Jersey
ID. NO. 2289750
Commission Expires 07/16/2012