# EXHIBIT 17

# MOFFETT LAW FIRM, P.C.

Northside Tower
Suite 625
6065 Roswell Road, N.E.
Atlanta, Georgia 30328-4018
E-Mail Address: gmoffett@mofflaw.com

Telephone: (404) 252-2223
Toll Free: 1-800-588-5204
Facsimile:   (404) 252-2282
Federal ID#:     58-2251665

<u>Civil Litigation</u>
Personal Injury
Wrongful Death
Medical Malpractice
Product Liability
Workers' Compensation
Estate & Probate

February 1, 2011

VIA FACSIMILE AND FEDERAL EXPRESS
(401) 827-2925       #7943 8010 6205

Ms. Kathleen M.,M. Medeiros
Claims Unit 9348699
MetLife Investors USA Insurance Company
700 Quaker Lane
Warwick, RI 02887-0330

   Re:   MetLife Investors USA Insurance Company Policy#206153777 USU
         Insured: Steven R. Taraszka, M.D.

Dear Ms. Medeiros:

   As promised, enclosed please find a courtesy copy of the lawsuit which we are preparing to file in the United States District Court, Middle District of Georgia, Athens Division, against Ms. Kellie White Graziosi.

   Please confirm your receipt of this communication and acknowledge that MetLife will not voluntarily release any funds to anyone without court approval.

   Kindest regards,

   MOFFETT LAW FIRM, P.C.

   F. Glenn Moffett, Jr.

FGM/cl

cc: Ken Bailynson, CPA

cc: Taraszka Family and Estate

Kathleen M.M.Medeiros

FEB  4 2011

Claims

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| EUGENE TARASZKA and ANN TARASZKA, Individually; and KEN TARASZKA, M.D. as Administrator of the Estate of DR. STEVEN TARASZKA, | ) ) ) ) | Civil Action File No.: |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| KELLIE WHITE GRAZIOSI, | ) ) | |
| Defendant. | ) ) ) | |

<u>COMPLAINT FOR DAMAGES</u>

COME NOW EUGENE TARASZKA and ANN TARASZKA,

Individually, and KEN TARASZKA, M.D., as Administrator of the Estate of

DR. STEVEN TARASZKA, deceased (hereinafter sometimes collectively

referred to as "Plaintiffs"), and by and through undersigned counsel, hereby

file this Complaint for Damages showing this Honorable Court as follows:

<u>PARTIES, JURISDICTION AND VENUE</u>

1.

EUGENE TARASZKA is a citizen of the State of New Jersey, with

his residence address being 35 Sequoia Place, Wayne, New Jersey 07470,

2.

ANN TARASZKA is a citizen of the State of New Jersey, with her
residence address being 35 Sequoia Place, Wayne, New Jersey 07470.

3.

KEN TARASZKA, M.D. is a citizen of the State of Florida, with his
residence address being 14255 Rebecca Court Largo, Florida 33704.

4.

KELLIE WHITE GRAZIOSI is a citizen of the State of Georgia, and
can be served with Summons and the Complaint for Damages at 3635 Mt.
Carmel Church Road, Monroe, Georgia 30655.

5.

When properly served with Summons and the Complaint for
Damages, KELLIE WHITE GRAZIOSI is subject to the personal
jurisdiction of this Court.

6.

EUGENE TARASZKA, ANN TARASZKA and KEN TARASZKA,
M.D. are citizens of different states than KELLIE WHITE GRAZIOSI.

7.

The amount in controversy in this matter exceeds $75,000.00
exclusive of attorneys' fees and costs of litigation.

8.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

9.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims made herein occurred with the jurisdiction of the United States District Court, Middle District of Georgia, Athens Division.

## FACTS

10.

EUGENE TARASZKA is the surviving father of DR. STEVEN TARASZKA.

11.

ANN TARASZKA is the surviving mother of DR. STEVEN TARASZKA.

12.

At all times relevant hereto, KELLIE WHITE GRAZIOSI performed bookkeeping services for Steven R. Taraszka, P.C.

13.

At all times relevant hereto, KELLIE WHITE GRAZIOSI was responsible for transmitting premium payments for a life insurance policy

issued by John Hancock Life Insurance Company (U.S.A.), Policy Number

55 887 616 (the "John Hancock Policy").

14.

At all times relevant hereto, the John Hancock Policy had a benefit of

$850,000.00 that was to be paid to EUGUNE TARASZKA and ANN

TARASZKA upon the death of DR. STEVEN TARASZKA.

15.

At all times relevant hereto, DR. STEVEN TARASZKA maintained a

life insurance policy with Metropolitan Life Investors USA Insurance

Company, Policy Number 206153777USU (the "Met Life Policy").

16.

At all times relevant hereto, the Met Life Policy had a benefit of

$2,000,000.00.

17.

Upon information and belief, KELLIE WHITE GRAZIOSI had

herself listed as the beneficiary of the death benefits of the Met Life Policy

upon the death of DR. STEVEN TARASZKA.

18.

Upon information and belief, the Estate of DR. STEVEN TARASZKA and not KELLIE WHITE GRAZIOSI should have been listed as the beneficiary on the Met Life Policy.

19.

Upon information and belief, EUGENE TARASZKA and not KELLIE WHITE GRAZIOSI should have been listed as the beneficiary on the Met Life Policy.

20.

Upon information and belief, ANN TARASZKA and not KELLIE WHITE GRAZIOSI should have been listed as the beneficiary on the Met Life Policy.

21.

Upon information and belief, KELLIE WHITE GRAZIOSI was responsible for informing Metropolitan Life Insurance Company that Plaintiffs were to be named as beneficiaries under the Met Life policy.

22.

Upon information and belief, KELLIE WHITE GRAZIOSI was responsible for ensuring that Plaintiffs were to be named as beneficiaries under the Met Life policy.

23.

Upon information and belief, KELLIE WHITE GRAZIOSI failed to inform Metropolitan Life Insurance Company that Plaintiffs were to be named as beneficiaries on the Met Life Policy.

24.

KELLIE WHITE GRAZIOSI failed to ensure that Plaintiffs were to be named as beneficiaries under the Met Life policy.

25.

KELLIE WHITE GRAZIOSI timely paid all premiums on the Met Life Policy prior to the death of DR. STEVEN TARASZKA with funds provided by him.

26.

Because KELLIE WHITE GRAZIOSI failed to inform Met Life that that Plaintiffs were to be named as beneficiaries on the policy, Plaintiffs have been damaged.

27.

Because KELLIE WHITE GRAZIOSI failed to ensure that Plaintiffs were named as beneficiaries on the Met Life policy, Plaintiffs have been damaged.

28.

Plaintiffs are entitled to recover damages from KELLIE WHITE GRAZIOSI.

## COUNT I -- NEGLIGENCE REGARDING JOHN HANCOCK POLICY
### (Eugene Taraskza Against Kellie White Graziosi)

29.

Plaintiffs restate all facts alleged in paragraphs 10 through and including 28 as if fully restated herein.

30.

KELLIE WHITE GRAZIOSI owed a duty to EUGENE TARASZKA to timely pay the premiums on the John Hancock Policy.

31.

KELLIE WHITE GRAZIOSI breached the duty she owed to EUGENE TARASZKA by failing to timely pay the premiums on the John Hancock Policy.

32.

Because of KELLIE WHITE GRAZIOSI's negligence, the John Hancock Policy lapsed.

33.

Because of KELLIE WHITE GRAZIOSI's negligence, the John Hancock Policy was cancelled.

34.

Because of KELLIE WHITE GRAZIOSI's negligence, EUGENE

TARASZKA has been damaged because the benefits otherwise due pursuant

to the John Hancock Policy will not be paid to him.

35.

KELLIE WHITE GRAZIOSI's negligence was the direct and

proximate cause of EUGENE TARASZKA's damages.

36.

EUGENE TARASZKA is entitled to recover his damages caused by

KELLIE WHITE GRAZIOSI.

## COUNT II – NEGLIGENCE REGARDING JOHN HANCOCK POLICY
### (Ann Taraszka Against Kellie White Graziosi)

37.

Plaintiffs restate all facts alleged in paragraphs 10 through and

including 28 as if fully restated herein.

38.

KELLIE WHITE GRAZIOSI owed a duty to ANN TARASZKA to

timely pay the premiums on the John Hancock Policy

39.

KELLIE WHITE GRAZIOSI breached the duty she owed to ANN TARASZKA by failing to timely pay the premiums on the John Hancock Policy.

40.

Because of KELLIE WHITE GRAZIOSI's negligence, the John Hancock Policy lapsed.

41.

Because of KELLIE WHITE GRAZIOSI's negligence, the John Hancock Policy was cancelled.

42.

Because of KELLIE WHITE GRAZIOSI's negligence, ANN TARASZKA has been damaged because the benefits otherwise due pursuant to the John Hancock Policy will not be paid to her.

43.

KELLIE WHITE GRAZIOSI's negligence was the direct and proximate cause of ANN TARASZKA's damages.

44.

ANN TARASZKA is entitled to recover her damages caused by KELLIE WHITE GRAZIOSI.

## COUNT III.-- NEGLIGENCE NEGLIGENCE REGARDING MET LIFE POLICY
### (Ken Taraszka, M.D. as Administrator Against Kellie White Graziosi)

45.

Plaintiffs restate all facts alleged in paragraphs 10 through and including 28 as if fully restated herein.

46.

KELLIE WHITE GRAZIOSI owed a duty to the Estate of DR. STEVEN TARASZKA to inform Metropolitan Life Investors USA Insurance Company that the Estate of DR. STEVEN TARASZKA was to be named as beneficiary on the Met Life Policy.

47.

KELLIE WHITE GRAZIOSI breached the duty she owed to the Estate of DR. STEVEN TARASZKA by failing to inform Metropolitan Life Investors USA Insurance Company that the Estate of DR. STEVEN TARASZKA was to be named as beneficiary on the Met Life Policy.

48.

KELLIE WHITE GRAZIOSI owed a duty to the Estate of DR. STEVEN TARASZKA to ensure that the Estate of DR. STEVEN TARASZKA was named as a beneficiary on the Met Life Policy.

49.

KELLIE WHITE GRAZIOSI breached the duty she owed to the Estate of DR. STEVEN TARASZKA by failing to ensure that the Estate of DR. STEVEN TARASZKA was named as a beneficiary on the Met Life Policy.

50.

Because of KELLIE WHITE GRAZIOSI's negligence, the Estate of DR. STEVEN TARASZKA was not named as beneficiary on the Met Life Policy.

51.

Because of KELLIE WHITE GRAZIOSI's negligence, the Estate of DR. STEVEN TARASZKA has been damaged because the benefits otherwise due pursuant to the Met Life Policy will not be paid to the Estate of DR. STEVEN TARASZKA.

52.

KELLIE WHITE GRAZIOSI's negligence was the direct and proximate cause of the Estate of DR. STEVEN TARASZKA's damages.

53.

As Administrator of the Estate of DR. STEVEN TARASZKA, KEN TARASZKA, M.D. is entitled to recover the damages caused by KELLIE WHITE GRAZIOSI to the Estate of DR. STEVEN TARASZKA.

## COUNT IV – NEGLIGENCE REGARDING MET LIFE POLICY
### (Euguene Taraszka Against Kellie White Graziosi)

54.

Plaintiffs restate all facts alleged in paragraphs 10 through and including 28 as if fully restated herein.

55.

KELLIE WHITE GRAZIOSI owed a duty to EUGENE TARASZKA to inform Metropolitan Life Investors USA Insurance Company that EUGENE TARASZKA was to be named as beneficiary on the Met Life Policy.

56.

KELLIE WHITE GRAZIOSI breached the duty she owed to EUGENE TARASZKA by failing to inform Metropolitan Life Investors USA Insurance Company that EUGENE TARASZKA was to be named as beneficiary on the Met Life Policy.

57.

KELLIE WHITE GRAZIOSI owed a duty to EUGENE TARASZKA to ensure that EUGENE TARASZKA was named as a beneficiary on the Met Life Policy.

58.

KELLIE WHITE GRAZIOSI breached the duty she owed to EUGENE TARASZKA by failing to ensure that EUGENE TARASZKA was named as a beneficiary on the Met Life Policy.

59.

Because of KELLIE WHITE GRAZIOSI's negligence, EUGENE TARASZKA was not named as beneficiary on the Met Life Policy.

60.

Because of KELLIE WHITE GRAZIOSI's negligence, EUGENE TARASZKA has been damaged because the benefits otherwise due pursuant to the Met Life Policy will not be paid to EUGENE TARASZKA.

61.

KELLIE WHITE GRAZIOSI's negligence was the direct and proximate cause of EUGENE TARASZKA's damages.

62.

EUGENE TARASZKA is entitled to recover his damages caused by KELLIE WHITE GRAZIOSI.

## COUNT V – NEGLIGENCE REGARDING MET LIFE POLICY
### (Ann Taraszka Against Kellie White Graziosi)

63.

Plaintiffs restate all facts alleged in paragraphs 10 through and including 28 as if fully restated herein.

64.

KELLIE WHITE GRAZIOSI owed a duty to ANN TARASZKA to inform Metropolitan Life Investors USA Insurance Company that ANN TARASZKA was to be named as beneficiary on the Met Life Policy.

65.

KELLIE WHITE GRAZIOSI breached the duty she owed to ANN TARASZKA by failing to inform Metropolitan Life Investors USA Insurance Company that ANN TARASZKA was to be named as beneficiary on the Met Life Policy.

66.

KELLIE WHITE GRAZIOSI owed a duty to ANN TARASZKA to ensure that ANN TARASZKA was named as beneficiary on the Met Life Policy.

67.

KELLIE WHITE GRAZIOSI breached the duty she owed to ANN TARASZKA by failing to ensure that ANN TARASZKA was named as a beneficiary on the Met Life Policy.

68.

Because of KELLIE WHITE GRAZIOSI's negligence, ANN TARASZKA was not named as a beneficiary on the Met Life Policy.

69.

Because of KELLIE WHITE GRAZIOSI's negligence, ANN TARASZKA has been damaged because the benefits otherwise due pursuant to the Met Life Policy will not be paid to ANN TARASZKA.

70.

KELLIE WHITE GRAZIOSI's negligence was the direct and proximate cause of ANN TARASZKA's damages.

71.

ANN TARASZKA is entitled to recover her damages caused by KELLIE WHITE GRAZIOSI.

## COUNT VI – TORTIOUS INTERFERENCE WITH CONTRACT REGARDING JOHN HANCOCK POLICY
### (Eugene Taraszka Against Kellie White Graziosi)

72.

Plaintiffs restate all facts alleged in paragraphs 10 through and including 28 as if fully restated herein.

73.

KELLIE WHITE GRAZIOSI was not a party to the John Hancock Policy.

74.

KELLIE WHITE GRAZIOSI interfered with the contractual relationship between DR. STEVEN TARASZKA, EUGENE TARASZKA and John Hancock Life Insurance Company (U.S.A.) by failing to transmit the premium on the John Hancock Policy.

75.

KELLIE WHITE GRAZIOSI's actions were taken purposefully and with malice with the intent to injure.

76.

Because of KELLIE WHITE GRAZIOSI's interference, the John Hancock Policy lapsed.

77.

Because of KELLIE WHITE GRAZIOSI's interference, the John Hancock Policy was cancelled.

78.

Because of KELLIE WHITE GRAZIOSI's interference, EUGENE TARASZKA has been damaged.

79.

EUGENE TARASZKA is entitled to recover his damages caused by KELLIE WHITE GRAZIOSI.

## COUNT VII – TORTIOUS INTERFERENCE WITH CONTRACT REGADRING JOHN HANCOCK POLICY

<u>(Ann Taraszka Against Kellie White Graziosi)</u>

80.

Plaintiffs restate all facts alleged in paragraphs 10 through and including 28 as if fully restated herein.

81.

KELLIE WHITE GRAZIOSI was not a party to the John Hancock Policy.

82.

KELLIE WHITE GRAZIOSI interfered with the contractual relationship between DR. STEVEN TARASZKA, ANN TARASZKA and John Hancock Life Insurance Company (U.S.A.) by failing to transmit the premium on the John Hancock Policy.

83.

KELLIE WHITE GRAZIOSI's actions were taken purposefully and with malice with the intent to injure.

84.

Because of KELLIE WHITE GRAZIOSI's interference, the John Hancock Policy lapsed.

85.

Because of KELLIE WHITE GRAZIOSI's interference, the John

Hancock Policy was cancelled.

86.

Because of KELLIE WHITE GRAZIOSI's interference, ANN

TARASZKA has been damaged.

87.

ANN TARASZKA is entitled to recover her damages caused by

KELLIE WHITE GRAZIOSI.

## COUNT VIII – PUNITIVE DAMAGES
### (All Plaintiffs Against Kellie White Graziosi)

88.

Plaintiffs restate all facts alleged in paragraphs 10 through and

including 28 as if fully restated herein.

89.

KELLIE WHITE GRAZIOSI's actions showed willful misconduct,

malice, wantonness, oppression, or that entire want of care which would

raise the presumption of conscious indifference to the consequences of her

actions.

90.

KELLIE WHITE GRAZIOSI's actions entitle Plaintiffs to recover from KELLIE WHITE GRAZIOSI punitive damages in an amount to be determined at trial to deter such wrongful conduct in the future.

### COUNT IX –BAD FAITH (O.C.G.A. § 13-6-11)
### (All Plaintiffs Against Kellie White Graziosi)

91.

Plaintiffs restate all facts alleged in paragraphs 10 through and including 28 as if fully restated herein.

92.

KELLIE WHITE GRAZIOSI'S actions and/or omissions demonstrate that she has acted in bad faith, has been stubbornly litigious, or has caused the Plaintiffs unnecessary trouble and expense as contemplated by O.C.G.A. § 13-6-11.

93.

Because KELLIE WHITE GRAZIOSI'S actions and/or omissions demonstrate that she has acted in bad faith, has been stubbornly litigious, or has caused the Plaintiffs unnecessary trouble and expense, Plaintiffs are entitled to recover their attorneys' fees and expenses of litigation from KELLIE WHITE GRAZIOSI pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiffs pray:

1.     that Plaintiffs have judgment against KELLIE WHITE

       GRAZIOSI in such reasonable sum for compensatory,

       general and special damages;

2.     that Plaintiffs have judgment against KELLIE WHITE

       GRAZIOSI in such reasonable sum for punitive

       damages;

3.     that Plaintiffs have judgment against KELLIE WHITE

       GRAZIOSI in such reasonable sum for attorneys' fees

       pursuant to O.C.G.A. § 13-6-11;

4.     that a jury be impaneled to try the issues enjoined; and

5.     that Plaintiffs have such other and further relief as may

       be just and appropriate.

Respectfully submitted this _____ day of February, 2011.


                                    _____
                                    F. Glenn Moffett, Jr.
                                    State Bar No.: 515300
                                    Attorneys for Plaintiffs


MOFFETT LAW FIRM, P.C.
6065 Roswell Road, N.E.
Suite 625
Atlanta, Georgia 30328
Telephone:   (404) 252-2223
Facsimile:   (404) 252-2282
E-mail:      gmoffett@mofflaw.com

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for Plaintiffs

GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, L.L.P.
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, Georgia 30326
Telephone:  (404) 870-7390
Facsimile:  (404) 870-1030
E-mail:     mmoffett@grsmb.com
            wmelnick@grsmb.com