# EXHIBIT 18

ORIGINAL

IN THE SUPERIOR COURT FOR WALTON COUNTY

STATE OF GEORGIA

EUGENE TARASZKA and ANN )
TARASZKA, Individually; and )
KEN TARASZKA, M.D. as Administrator )      Civil Action File No.: 11-0354-1
of the Estate of DR. STEVEN TARASZKA, )
)
Plaintiffs, )
)
v. )
)
KELLIE WHITE GRAZIOSI, )
)
Defendant. )
_____ )

## SECOND AMENDED COMPLAINT FOR DAMAGES

COME NOW EUGENE TARASZKA and ANN TARASZKA, Individually, and

KEN TARASZKA, M.D., as Administrator of the Estate of DR. STEVEN TARASZKA,

deceased (hereinafter sometimes collectively referred to as "Plaintiffs"), and by and

through undersigned counsel, hereby amends their Amended Complaint for Damages

deleting the Amended Complaint for Damages in its entirety and substituting this Second

Amended Complaint for Damages instead showing this Honorable Court as follows:

## PARTIES, JURISDICTION AND VENUE

1.

EUGENE TARASZKA is a citizen of the State of New Jersey, with his residence

address being 35 Sequoia Place, Wayne, New Jersey 07470.

2.

ANN TARASZKA is a citizen of the State of New Jersey, with her residence

address being 35 Sequoia Place, Wayne, New Jersey 07470.

3.

KEN TARASZKA, M.D. is a citizen of the State of Florida, with his residence address being 14255 Rebecca Court Largo, Florida 33774.

4.

KEN TARASZKA, M.D. has been appointed Administrator of the Estate of DR. STEVEN TARASZKA.

5.

KELLIE WHITE GRAZIOSI is a citizen of the State of Georgia, and can be served with Summons and the Complaint for Damages at 3635 Mt. Carmel Church Road, Monroe, Walton County, Georgia 30655.

6.

When properly served with Summons and the Complaint for Damages, KELLIE WHITE GRAZIOSI is subject to the personal jurisdiction of this Court.

7.

This Court has subject matter jurisdiction over this matter.

8.

Venue is proper in this Court.

## FACTS

9.

EUGENE TARASZKA is the surviving father of DR. STEVEN TARASZKA.

10.

ANN TARASZKA is the surviving mother of DR. STEVEN TARASZKA.

11.

DR. STEVEN TARASZKA was not married and had no natural or legally adopted children at the time of his death.

12.

At all times relevant hereto, KELLIE WHITE GRAZIOSI performed bookkeeping services for Steven R. Taraszka, P.C.

13.

At all times relevant hereto, KELLIE WHITE GRAZIOSI, as part of her job responsibilities with Steven R. Taraszka, P.C., was responsible for transmitting premium payments from funds belonging to Steven R. Taraszka, P.C. for a life insurance policy issued by John Hancock Life Insurance Company (U.S.A.), Policy Number 55 887 616 (the "John Hancock Policy").

14.

At all times relevant hereto, the John Hancock Policy, which was owned by DR. STEVEN TARASZKA, had a benefit of $850,000.00 that was to be paid to EUGUNE TARASZKA and ANN TARASZKA upon the death of DR. STEVEN TARASZKA.

15.

DR. STEVEN TARASZKA orally instructed KELLIE WHITE GRAZIOSI to convert the John Hancock Policy from a term life insurance policy to a whole life policy.

16.

DR. STEVEN TARASZKA provided written instructions to KELLIE WHITE GRAZIOSI to convert the John Hancock Policy from a term life insurance policy to a whole life policy.

*Page 3 of 30*

17.

A true and correct copy of the written instructions provided by DR. STEVEN TARASZKA to KELLIE WHITE GRAZIOSI to convert the John Hancock Policy from a term life insurance policy to a whole life policy are attached hereto as Exhibit "A."

18.

KELLIE WHITE GRAZIOSI received oral instructions from DR. STEVEN TARASZKA to convert the John Hancock Policy from a term life insurance policy to a whole life policy.

19.

KELLIE WHITE GRAZIOSI received written instructions from DR. STEVEN TARASZKA to convert the John Hancock Policy from a term life insurance policy to a whole life policy.

20.

After the death of DR. STEVEN TARASZKA, the written instructions from STEVEN TARASZKA to convert the John Hancock Policy from a term life insurance policy to a whole life policy were located in the desk of KELLIE WHITE GRAZIOSI.

21.

EUGENE TARASZKA confirms that the written instructions provided by DR. STEVEN TARASZKA to KELLIE WHITE GRAZIOSI to convert the John Hancock Policy from a term life insurance policy to a whole life policy attached hereto as Exhibit "A" are in the handwriting of his son, DR. STEVEN TARASZKA.

22.

ANN TARASZKA confirms that the written instructions provided by DR.
STEVEN TARASZKA to KELLIE WHITE GRAZIOSI to convert the John Hancock
Policy from a term life insurance policy to a whole life policy attached hereto as Exhibit
"A" are in the handwriting of her son, DR. STEVEN TARASZKA.

23.

KELLIE WHITE GRAZIOSI failed to convert the John Hancock policy from a
term life insurance policy to a whole life policy.

24.

KELLIE WHITE GRAZIOSI failed to pay premiums on the John Hancock
policy.

25.

The John Hancock policy lapsed prior to the death of DR. STEVEN
TARASZKA.

26.

At all times relevant hereto, DR. STEVEN TARASZKA owned and maintained a
life insurance policy with Metropolitan Life Investors USA Insurance Company, Policy
Number 206153777USU (the "Met Life Policy").

27.

At all times relevant hereto, the Met Life Policy had a benefit of $1,000,000.00.

28.

Upon information and belief, KELLIE WHITE GRAZIOSI had herself listed as the beneficiary of the death benefits of the Met Life Policy upon the death of DR. STEVEN TARASZKA.

29.

Upon information and belief, the Estate of DR. STEVEN TARASZKA and not KELLIE WHITE GRAZIOSI should have been listed as the beneficiary on the Met Life Policy.

30.

Upon information and belief, EUGENE TARASZKA and not KELLIE WHITE GRAZIOSI should have been listed as the beneficiary on the Met Life Policy.

31.

Upon information and belief, ANN TARASZKA and not KELLIE WHITE GRAZIOSI should have been listed as the beneficiary on the Met Life Policy.

32.

Upon information and belief, KELLIE WHITE GRAZIOSI was responsible for informing Metropolitan Life Insurance Company that Plaintiffs were to be named as beneficiaries under the Met Life policy.

33.

Upon information and belief, KELLIE WHITE GRAZIOSI was responsible for ensuring that Plaintiffs were to be named as beneficiaries under the Met Life policy and KELLIE WHITE GRAZIOSI had the ability to determine and/or change the beneficiaries of the Met Life Policy.

34.

Upon information and belief, KELLIE WHITE GRAZIOSI failed to inform Metropolitan Life Insurance Company that Plaintiffs were to be named as beneficiaries on the Met Life Policy.

35.

KELLIE WHITE GRAZIOSI failed to ensure that Plaintiffs were to be named as beneficiaries under the Met Life policy.

36.

KELLIE WHITE GRAZIOSI timely paid all premiums on the Met Life Policy prior to the death of DR. STEVEN TARASZKA with funds provided by him.

37.

Because KELLIE WHITE GRAZIOSI failed to inform Met Life that that Plaintiffs were to be named as beneficiaries on the policy, Plaintiffs have been damaged.

38.

Because KELLIE WHITE GRAZIOSI failed to ensure that Plaintiffs were named as beneficiaries on the Met Life policy, Plaintiffs have been damaged.

39.

KELLIE WHITE GRAZIOSI negligently administered or otherwise provided Fentanyl to DR. STEVEN TARASZKA resulting in the death of DR. STEVEN TARASZKA.

40.

KELLIE WHITE GRAZIOSI intentionally administered or otherwise provided Fentanyl to DR. STEVEN TARASZKA with the intent to kill DR. STEVEN TARASZKA with the intentional administration of Fentanyl resulting in the death of DR. STEVEN TARASZKA.

41.

DR. STEVEN TARASZKA died as a result of ingesting, imbibing or otherwise negligently or intentionally receiving the Fentanyl administered or otherwise provided to him by KELLIE WHITE GRAZIOSI.

42.

This action includes a claim for wrongful death caused by the negligence or intentional acts of KELLIE WHITE GRAZIOSI.  At the time of his death, DR. STEVEN TARASZKA was 45 years old and had a life expectancy of at least 30.57 years according to the Annuity Mortality Table for 1949, Ultimate.

43.

DR. STEVEN TARASZKA died intestate and without wife or children and as such, the right to recover for his wrongful death is vested in his parents, EUGENE TARASZKA AND ANN TARASZKA.

44.

Plaintiffs are entitled to recover damages from KELLIE WHITE GRAZIOSI.

## COUNT I – NEGLIGENCE REGARDING JOHN HANCOCK POLICY
### (Eugene Taraszka Against Kellie White Graziosi)

45.

Plaintiffs restate all facts alleged in paragraphs 9 through and including 44 as if fully restated herein.

46.

KELLIE WHITE GRAŻIOSI owed a duty to EUGENE TARASZKA to timely pay the premiums on the John Hancock Policy.

47.

KELLIE WHITE GRAZIOSI breached the duty she owed to EUGENE TARASZKA by failing to timely pay the premiums on the John Hancock Policy.

48.

Because of KELLIE WHITE GRAZIOSI's negligence, the John Hancock Policy lapsed.

49.

Because of KELLIE WHITE GRAZIOSI's negligence, the John Hancock Policy was cancelled.

50.

Because of KELLIE WHITE GRAZIOSI's negligence, EUGENE TARASZKA has been damaged because the benefits otherwise due pursuant to the John Hancock Policy will not be paid to him.

51.

KELLIE WHITE GRAZIOSI's negligence was the direct and proximate cause of EUGENE TARASZKA's damages.

52.

EUGENE TARASZKA is entitled to recover his damages caused by KELLIE WHITE GRAZIOSI.

## COUNT II -- NEGLIGENCE REGARDING JOHN HANCOCK POLICY
### (Ann Taraszka Against Kellie White Graziosi)

53.

Plaintiffs restate all facts alleged in paragraphs 9 through and including 44 as if fully restated herein.

54.

KELLIE WHITE GRAZIOSI owed a duty to ANN TARASZKA to timely pay the premiums on the John Hancock Policy

55.

KELLIE WHITE GRAZIOSI breached the duty she owed to ANN TARASZKA by failing to timely pay the premiums on the John Hancock Policy.

56.

Because of KELLIE WHITE GRAZIOSI's negligence, the John Hancock Policy lapsed.

57.

Because of KELLIE WHITE GRAZIOSI's negligence, the John Hancock Policy was cancelled.

58.

Because of KELLIE WHITE GRAZIOSI's negligence, ANN TARASZKA has been damaged because the benefits otherwise due pursuant to the John Hancock Policy will not be paid to her.

59.

KELLIE WHITE GRAZIOSI's negligence was the direct and proximate cause of ANN TARASZKA's damages.

60.

ANN TARASZKA is entitled to recover her damages caused by KELLIE WHITE GRAZIOSI.

## COUNT III – NEGLIGENCE REGARDING MET LIFE POLICY
### (Ken Taraszka, M.D. as Administrator Against Kellie White Graziosi)

61.

Plaintiffs restate all facts alleged in paragraphs 9 through and including 44 as if fully restated herein.

62.

KELLIE WHITE GRAZIOSI owed a duty to the Estate of DR. STEVEN TARASZKA to inform Metropolitan Life Investors USA Insurance Company that the Estate of DR. STEVEN TARASZKA was to be named as beneficiary on the Met Life Policy.

63.

KELLIE WHITE GRAZIOSI breached the duty she owed to the Estate of DR. STEVEN TARASZKA by failing to inform Metropolitan Life Investors USA Insurance

Company that the Estate of DR. STEVEN TARASZKA was to be named as beneficiary on the Met Life Policy.

64.

KELLIE WHITE GRAZIOSI owed a duty to the Estate of DR. STEVEN TARASZKA to ensure that the Estate of DR. STEVEN TARASZKA was named as a beneficiary on the Met Life Policy.

65.

KELLIE WHITE GRAZIOSI breached the duty she owed to the Estate of DR. STEVEN TARASZKA by failing to ensure that the Estate of DR. STEVEN TARASZKA was named as a beneficiary on the Met Life Policy.

66.

Because of KELLIE WHITE GRAZIOSI's negligence, the Estate of DR. STEVEN TARASZKA was not named as beneficiary on the Met Life Policy.

67.

Because of KELLIE WHITE GRAZIOSI's negligence, the Estate of DR. STEVEN TARASZKA has been damaged because the benefits otherwise due pursuant to the Met Life Policy will not be paid to the Estate of DR. STEVEN TARASZKA.

68.

KELLIE WHITE GRAZIOSI's negligence was the direct and proximate cause of the Estate of DR. STEVEN TARASZKA's damages.

69.

As Administrator of the Estate of DR. STEVEN TARASZKA, KEN

TARASZKA, M.D. is entitled to recover the damages caused by KELLIE WHITE

GRAZIOSI to the Estate of DR. STEVEN TARASZKA.

## COUNT IV – NEGLIGENCE REGARDING MET LIFE POLICY
### (Eugene Taraszka Against Kellie White Graziosi)

70.

Plaintiffs restate all facts alleged in paragraphs 9 through and including 44 as if

fully restated herein.

71.

KELLIE WHITE GRAZIOSI owed a duty to EUGENE TARASZKA to inform

Metropolitan Life Investors USA Insurance Company that EUGENE TARASZKA was to

be named as beneficiary on the Met Life Policy.

72.

KELLIE WHITE GRAZIOSI breached the duty she owed to EUGENE

TARASZKA by failing to inform Metropolitan Life Investors USA Insurance Company

that EUGENE TARASZKA was to be named as beneficiary on the Met Life Policy.

73.

KELLIE WHITE GRAZIOSI owed a duty to EUGENE TARASZKA to ensure

that EUGENE TARASZKA was named as a beneficiary on the Met Life Policy.

74.

KELLIE WHITE GRAZIOSI breached the duty she owed to EUGENE
TARASZKA by failing to ensure that EUGENE TARASZKA was named as a
beneficiary on the Met Life Policy.

75.

Because of KELLIE WHITE GRAZIOSI's negligence, EUGENE TARASZKA
was not named as beneficiary on the Met Life Policy.

76.

Because of KELLIE WHITE GRAZIOSI's negligence, EUGENE TARASZKA
has been damaged because the benefits otherwise due pursuant to the Met Life Policy
will not be paid to EUGENE TARASZKA.

77.

KELLIE WHITE GRAZIOSI's negligence was the direct and proximate cause of
EUGENE TARASZKA's damages.

78.

EUGENE TARASZKA is entitled to recover his damages caused by KELLIE
WHITE GRAZIOSI.


**COUNT V – NEGLIGENCE REGARDING MET LIFE POLICY**
**(Ann Taraszka Against Kellie White Graziosi)**

79.

Plaintiffs restate all facts alleged in paragraphs 9 through and including 44 as if
fully restated herein.

80.

KELLIE WHITE GRAZIOSI owed a duty to ANN TARASZKA to inform Metropolitan Life Investors USA Insurance Company that ANN TARASZKA was to be named as beneficiary on the Met Life Policy.

81.

KELLIE WHITE GRAZIOSI breached the duty she owed to ANN TARASZKA by failing to inform Metropolitan Life Investors USA Insurance Company that ANN TARASZKA was to be named as beneficiary on the Met Life Policy.

82.

KELLIE WHITE GRAZIOSI owed a duty to ANN TARASZKA to ensure that ANN TARASZKA was named as beneficiary on the Met Life Policy.

83.

KELLIE WHITE GRAZIOSI breached the duty she owed to ANN TARASZKA by failing to ensure that ANN TARASZKA was named as a beneficiary on the Met Life Policy.

84.

Because of KELLIE WHITE GRAZIOSI's negligence, ANN TARASZKA was not named as a beneficiary on the Met Life Policy.

85.

Because of KELLIE WHITE GRAZIOSI's negligence, ANN TARASZKA has been damaged because the benefits otherwise due pursuant to the Met Life Policy will not be paid to ANN TARASZKA.

86.

KELLIE WHITE GRAZIOSI's negligence was the direct and proximate cause of ANN TARASZKA's damages.

87.

ANN TARASZKA is entitled to recover her damages caused by KELLIE WHITE GRAZIOSI.

## COUNT VI – TORTIOUS INTERFERENCE WITH CONTRACT REGARDING JOHN HANCOCK POLICY
### (Eugene Taraszka Against Kellie White Graziosi)

88.

Plaintiffs restate all facts alleged in paragraphs 9 through and including 44 as if fully restated herein.

89.

KELLIE WHITE GRAZIOSI was not a party to the John Hancock Policy.

90.

KELLIE WHITE GRAZIOSI interfered with the contractual relationship between DR. STEVEN TARASZKA, EUGENE TARASZKA and John Hancock Life Insurance Company (U.S.A.) by failing to transmit the premium on the John Hancock Policy.

91.

KELLIE WHITE GRAZIOSI's actions were taken purposefully and with malice with the intent to injure.

92.

Because of KELLIE WHITE GRAZIOSI's interference, the John Hancock Policy lapsed.

93.

Because of KELLIE WHITE GRAZIOSI's interference, the John Hancock Policy was cancelled.

94.

Because of KELLIE WHITE GRAZIOSI's interference, EUGENE TARASZKA has been damaged.

95.

EUGENE TARASZKA is entitled to recover his damages caused by KELLIE WHITE GRAZIOSI.

## COUNT VII – TORTIOUS INTERFERENCE WITH CONTRACT REGADRING JOHN HANCOCK POLICY
### (Ann Taraszka Against Kellie White Graziosi)

96.

Plaintiffs restate all facts alleged in paragraphs 9 through and including 44 as if fully restated herein.

97.

KELLIE WHITE GRAZIOSI was not a party to the John Hancock Policy.

98.

KELLIE WHITE GRAZIOSI interfered with the contractual relationship between DR. STEVEN TARASZKA, ANN TARASZKA and John Hancock Life Insurance Company (U.S.A.) by failing to transmit the premium on the John Hancock Policy.

99.

KELLIE WHITE GRAZIOSI's actions were taken purposefully and with malice with the intent to injure.

100.

Because of KELLIE WHITE GRAZIOSI's interference, the John Hancock Policy lapsed.

101.

Because of KELLIE WHITE GRAZIOSI's interference, the John Hancock Policy was cancelled.

102.

Because of KELLIE WHITE GRAZIOSI's interference, ANN TARASZKA has been damaged.

103.

ANN TARASZKA is entitled to recover her damages caused by KELLIE WHITE GRAZIOSI.

### COUNT VIII – UNDUE INFLUENCE
### (Eugene Taraszka Against Kellie White Graziosi)

104.

Plaintiffs restate all facts alleged in paragraphs 9 through and including 44 as if fully restated herein.

*Page 18 of 30*

105.

KELLIE WHITE GRAZIOSI was not married to DR. STEVEN TARASZKA at
the time of DR. STEVEN TARASZKA's death.

106.

Prior to the death of DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI
and DR. STEVEN TARASZKA had a confidential relationship.

107.

Because of the confidential relationship between KELLIE WHITE GRAZIOSI
and DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI was able to exert
leadership over DR. STEVEN TARASZKA.

108.

Because of the confidential relationship between KELLIE WHITE GRAZIOSI
and DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI was able to exert undue
influence over DR. STEVEN TARASZKA in persuading him to allow the John Hancock
Policy to lapse.

109.

Because of the confidential relationship between KELLIE WHITE GRAZIOSI
and DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI was able to exert undue
influence over DR. STEVEN TARASZKA in persuading him to allow her to be named
as beneficiary of the Met Life policy and not Plaintiff EUGENE TARASZKA.

110.

Because of the undue influence asserted by KELLIE WHITE GRAZIOSI over
DR. STEVEN TARASZKA, the John Hancock Policy lapsed.

111.

Because of the undue influence asserted by KELLIE WHITE GRAZIOSI over DR. STEVEN TARASZKA, the John Hancock Policy was cancelled.

112.

Because of the undue influence asserted by KELLIE WHITE GRAZIOSI over DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI was named as beneficiary of the Met Life Policy and not Plaintiff EUGENE TARASZKA.

113.

Because of the undue influence asserted by KELLIE WHITE GRAZIOSI over DR. STEVEN TARASZKA, EUGENE TARASZKA has been damaged.

114.

EUGENE TARASZKA is entitled to recover his damages caused by KELLIE WHITE GRAZIOSI.

### COUNT IX – UNDUE INFLUENCE
### (Ann Taraszka Against Kellie White Graziosi)

115.

Plaintiffs restate all facts alleged in paragraphs 9 through and including 44 as if fully restated herein.

116.

KELLIE WHITE GRAZIOSI was not married to DR. STEVEN TARASZKA at the time of DR. STEVEN TARASZKA's death.

*Page 20 of 30*

117.

Prior to the death of DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI and DR. STEVEN TARASZKA had a confidential relationship.

118.

Because of the confidential relationship between KELLIE WHITE GRAZIOSI and DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI was able to exert leadership over DR. STEVEN TARASZKA.

119.

Because of the confidential relationship between KELLIE WHITE GRAZIOSI and DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI was able to exert undue influence over DR. STEVEN TARASZKA in persuading him to allow the John Hancock Policy to lapse.

120.

Because of the confidential relationship between KELLIE WHITE GRAZIOSI and DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI was able to exert undue influence over DR. STEVEN TARASZKA in persuading him to allow her to be named as beneficiary of the Met Life policy and not Plaintiff ANN TARASZKA.

121.

Because of the undue influence asserted by KELLIE WHITE GRAZIOSI over DR. STEVEN TARASZKA, the John Hancock Policy lapsed.

122.

Because of the undue influence asserted by KELLIE WHITE GRAZIOSI over DR. STEVEN TARASZKA, the John Hancock Policy was cancelled.

123.

Because of the undue influence asserted by KELLIE WHITE GRAZIOSI over

DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI was named as beneficiary of

the Met Life Policy and not Plaintiff ANN TARASZKA.

124.

Because of the undue influence asserted by KELLIE WHITE GRAZIOSI over

DR. STEVEN TARASZKA, ANN TARASZKA has been damaged.

125.

ANN TARASZKA is entitled to recover her damages caused by KELLIE WHITE

GRAZIOSI.

## COUNT X – UNDUE INFLUENCE
### (Ken Taraszka, M.D. as Administrator Against Kellie White Graziosi)

126.

Plaintiffs restate all facts alleged in paragraphs 9 through and including 44 as if

fully restated herein.

127.

KELLIE WHITE GRAZIOSI was not married to DR. STEVEN TARASZKA at

the time of DR. STEVEN TARASZKA's death.

128.

Prior to the death of DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI

and DR. STEVEN TARASZKA had a confidential relationship.

129.

Because of the confidential relationship between KELLIE WHITE GRAZIOSI
and DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI was able to exert
leadership over DR. STEVEN TARASZKA.

130.

Because of the confidential relationship between KELLIE WHITE GRAZIOSI
and DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI was able to exert undue
influence over DR. STEVEN TARASZKA in persuading him to allow her to be named
as beneficiary of the Met Life policy and not the Estate of DR. STEVEN TARASZKA.

131.

Because of the undue influence asserted by KELLIE WHITE GRAZIOSI over
DR. STEVEN TARASZKA, KELLIE WHITE GRAZIOSI was named as beneficiary of
the Met Life Policy and not the Estate of DR. STEVEN TARASZKA.

132.

Because of the undue influence asserted by KELLIE WHITE GRAZIOSI over
DR. STEVEN TARASZKA, the Estate of DR. STEVEN TARASZKA has been
damaged.

133.

As Administrator of the Estate of DR. STEVEN TARASZKA, KEN
TARASZKA, M.D. is entitled to recover her damages caused by KELLIE WHITE
GRAZIOSI to the Estate of DR. STEVEN TARASZKA.

## COUNT XI -- WRONGFUL DEATH
### (All Plaintiffs Against Kellie White Graziosi)

134.

Plaintiffs restate all facts alleged in paragraphs 9 through and including 44 as if fully restated herein.

135.

KELLIE WHITE GRAZIOSI's actions caused the death of DR. STEVEN TARASZKA.

136.

KELLIE WHITE GRAZIOSI's omissions caused the death of DR. STEVEN TARASZKA.

137.

As a direct and proximate result of the actions of KELLIE WHITE GRAZIOSI Plaintiffs EUGENE TARASZKA AND ANN TARASZKA, as surviving parents of DR. STEVEN TARASZKA, have sustained:

a)   various damages for the death of their son, DR. STEVEN TARASZKA, as measured under Georgia law;

b)   Damages for disruption of normal life and diminution in the enjoyment of life; and

c)   Loss of future income.

138.

As a direct and proximate result of the omissions of KELLIE WHITE GRAZIOSI

Plaintiffs EUGENE TARASZKA AND ANN TARASZKA, as surviving parents of DR.

STEVEN TARASZKA, have sustained:

    a)    various damages for the death of their son, DR. STEVEN TARASZKA, as

              measured under Georgia law;

    b)    Damages for disruption of normal life and diminution in the enjoyment of

              life; and

    c)    Loss of future income.

139.

As a direct and proximate result of the actions of KELLIE WHITE GRAZIOSI,

the Estate of DR. STEVEN TARASZKA , by and through its Administrator KEN

TARASZKA, M.D., has sustained damages for the personal injury pre-death pain and

suffering afflicted upon DR. STEVEN TARASZKA together with funeral, burial and

other expenses incurred in connection with the final rites of burial of DR. STEVEN

TARASZKA.

140.

As a direct and proximate result of the omissions of KELLIE WHITE

GRAZIOSI, the Estate of DR. STEVEN TARASZKA , by and through its Administrator

KEN TARASZKA, M.D., has sustained damages for the personal injury pre-death pain

and suffering afflicted upon DR. STEVEN TARASZKA together with funeral, burial and

other expenses incurred in connection with the final rites of burial of DR. STEVEN

TARASZKA.

141.

All of the injuries, losses damages, past, present and prospective to Plaintiffs were, are and will be due to the actions of KELLIE WHITE GRAZIOSI.

142.

EUGENE TARASZKA AND ANN TARASZKA are entitled to recover their damages caused by KELLIE WHITE GRAZIOSI for the wrongful death of their unmarried son, DR. STEVEN TARASZKA, from KELLIE WHITE GRAZIOSI.

143.

KEN TARASZKA, M.D., as Administrator of the Estate of DR. STEVEN TARASZKA is entitled to recover the Estate's damages caused by KELLIE WHITE GRAZIOSI for the wrongful death, DR. STEVEN TARASZKA, from KELLIE WHITE GRAZIOSI.

## COUNT XII – PUNITIVE DAMAGES
### (All Plaintiffs Against Kellie White Graziosi)

144.

Plaintiffs restate all facts alleged in paragraphs 9 through and including 44 as if fully restated herein.

145.

KELLIE WHITE GRAZIOSI's actions showed willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of her actions.

146.

KELLIE WHITE GRAZIOSI's actions entitle Plaintiffs to recover from KELLIE WHITE GRAZIOSI punitive damages in an amount to be determined at trial to deter such wrongful conduct in the future.

## COUNT XIII ~ BAD FAITH (O.C.G.A. § 13-6-11)
## (All Plaintiffs Against Kellie White Graziosi)

147.

Plaintiffs restate all facts alleged in paragraphs 9 through and including 44 as if fully restated herein.

148.

KELLIE WHITE GRAZIOSI'S actions and/or omissions demonstrate that she has acted in bad faith, has been stubbornly litigious, or has caused the Plaintiffs unnecessary trouble and expense as contemplated by O.C.G.A. § 13-6-11.

149.

Because KELLIE WHITE GRAZIOSI'S actions and/or omissions demonstrate that she has acted in bad faith, has been stubbornly litigious, or has caused the Plaintiffs unnecessary trouble and expense, Plaintiffs are entitled to recover their attorneys' fees and expenses of litigation from KELLIE WHITE GRAZIOSI pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiffs pray:

1.    that Plaintiffs have judgment against KELLIE WHITE GRAZIOSI in such reasonable sum for compensatory, general and special damages;

2.    that Plaintiffs have judgment against KELLIE WHITE GRAZIOSI in such

reasonable sum for punitive damages;

3.    that Plaintiffs have judgment against KELLIE WHITE GRAZIOSI in such

reasonable sum for attorneys' fees pursuant to O.C.G.A. § 13-6-11;

4.    that a jury be impaneled to try the issues enjoined; and

5.    that Plaintiffs have such other and further relief as may be just and

appropriate.

Respectfully submitted this 4th day of October, 2011.

F. Glenn Moffett,
State Bar No.: 515300
*(executed by WSM w/ express permission)*
Attorneys for Plaintiffs

**MOFFETT LAW FIRM, P.C.**
6065 Roswell Road, N.E.
Suite 625
Atlanta, Georgia 30328
Telephone:    (404) 252-2223
Facsimile:    (404) 252-2282
E-mail:       gmoffett@mofflaw.com

Matthew G. Moffett
State Bar No.: 515323
Wayne S. Melnick
State Bar No.: 501267
Attorneys for Plaintiffs

**GRAY, RUST, ST. AMAND,**
**MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road
1700 Atlanta Plaza
Atlanta, Georgia 30326
Telephone:    (404) 870-7390
Facsimile:    (404) 870-1030
E-mail:       mmoffett@grsmb.com
              wmelnick@grsmb.com

*Page 28 of 30*

*Eugene Taraszka and Ann Taraszka, Individually; and Ken Taraszka, M.D., as Administrator of the Estate of Dr. Steven Taraszka v. Kellie White Graziosi*
*Superior Court of Walton County, State of Georgia*
*Civil Action File Number: 11-0354-1*

# EXHIBIT "A"

# PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES

*John Hancock*
the future is yours

John Hancock Life Insurance Company (U.S.A.)

# Your annual policy statement

Here's what happened to your life insurance policy in the
12 months ending February 28, 2009.

Page 1 of 1
**Policy summary**

**If you have any questions about your statement, please call
your Financial Representative THE AGENTS MKTG GROUP
INC at 706-543-7346 or call us at 1-800-387-2747.**

| | |
|---|---|
| Your policy number is | 55 887 616 |
| Your policy was issued | March 1, 2000 |
| Your policy insures | STEVEN R TARASZKA |
| Your policy is owned by | STEVEN R TARASZKA |
| The primary beneficiary is | AS DESIGNATED |
| Your basic plan is | Term Life (10 Year Level Premium) |

*The death benefit is the amount
paid to the beneficiary upon the
death of the person or persons
insured by the policy.*

**Death benefit**

Your current death benefit is  *Must Do 12 months* $  850,000
Your death benefit last year was                     $  850,000

**Premium**

Your premium is                         $       189
You pay this premium  *March 2nd*              quarterly

*Kellie this is
going to Be A cost
given my
new Medical Hx
and No Need
for Exam.*

*706-543-7346 →*

This term insurance was issued to you, the owner, by John Hancock
Life Insurance Company (U.S.A.). While term insurance is considered
temporary coverage and while your needs may have changed, you
will rarely require less coverage.

As of this anniversary you have a very valuable option: You can
convert all or a portion of this policy to permanent coverage.
This would require

**NO MEDICAL EXAMINATION OR OTHER EVIDENCE OF INSURABILITY.**

**Please contact your Financial Representative if you wish to take
advantage of your conversion option.**

*Possibly only
way I Could
keyword A policy
right Now*

*3/10/9 Saw Massage to Emil Quoted*

This is not a bill. A Premium Notice was sent to you previously.
If you have not received your Premium Notice, please notify
your Financial Representative.

```
PLAINTIFF'S
EXHIBIT
A
```